SAMUEL FLOWER

*v.*

ALBERT J. BRUMBACH.

*Filed at Ottawa January 21, 1890.*

1. ELECTION OF REMEDY—*amendment—changing the form of action.* The fact that a party has elected one of several remedies by action, will not, in general, preclude him from abandoning such suit, and after having discontinued it, he may adopt any other remedy.

2. The vendor of goods sued the purchaser in assumpsit for their price. After a *capias* issued had been quashed, the plaintiff, by leave of court, by amendment, changed the form of action to an action on the case, charging the defendant with fraud and deceit in the purchase of the goods, and recovered their value: *Held*, that the court properly allowed the amendment. The plaintiff is not to be confined to the form of action he may first adopt.

3. EVIDENCE—*letters between parties—explaining what was meant, and how understood.* On the trial of an action against one for fraud and deceit in the purchase of goods, the plaintiff gave in evidence the defendant's letter upon the faith of which the sale was made. The defendant's counsel then offered to prove by the defendant what he *meant* by expressions used in such letter, what he *believed* the plaintiff meant by his prior letter, and what he thought it necessary to state in reply thereto: *Held*, that the trial court properly refused to allow the questions and the offered testimony.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. Moses, Newman & Pam, for the appellant:

The plaintiff, by suing in assumpsit, elected to affirm the sale, and could not afterwards proceed for fraud. *Morey* v. *Pierce*, 14 Bradw. 95; *Emma Silver Mining Co.* v. *Emma, etc.* 7 Fed. Rep. 401; *Hersey* v. *Benedict*, 15 Hun, 282; *Whitney* v. *Allaire*, 1 N. Y. 305; *Hubbell* v. *Meigs*, 50 id. 480; *Henderson* v. *Bacon*, (L. R.) 5 Eq. 249.

An action on the case by way of affirmance of a fraudulent contract, precludes an action on the case by way of rescission. *Schiffer* v. *Dietz*, 83 N. Y. 300; *Morris* v. *Rexford*, 18 id. 552; *Littlefield* v. *Brown*, 1 Wend. 398; *Butler* v. *Miller*, 1 Conn. 496; *Strong* v. *Strong*, 102 N. Y. 71.

The defendant should have been allowed to explain his letter, and what he understood and intended. Rapalje on Witnesses, 393; Wait on Fraud. Con. 272, 286; *Shockey* v. *Mills*, 71 Ind. 288; *Moore* v. *Deyoe*, 22 Hun, 208; *Watkins* v. *Wallace*, 19 Mich. 57; *Forbes* v. *Wallach*, 25 N. Y. 430; *Starrin* v. *Kelly*, 88 id. 482; *Kenyon* v. *People*, 26 id. 212; *Pope* v. *Hurd*, 35 Barb. 630; *Stearns* v. *Ingraham*, 1 N. Y. 220; *Bush* v. *Lathrop*, 22 id. 549.

As to explaining the meaning of words used in letters, see *Auzerais* v. *Nagle*, 74 Cal. 60; *Stubbs* v. *Johnson*, 127 Mass. 229; *Jenny Lind Co.* v. *Bower*, 11 Cal. 197.

Actual fraud is not sustained by proof of mistake. Bigelow on Fraud, 179; 2 Wharton on Evidence, secs. 939, 940, 955.

Under statutes enabling parties to be witnesses, a party, in all cases where extrinsic evidence is admissible to prove a party's declaration of intent, may be himself permitted to testify to such intent or understanding. So wherever a witness' intent is relevant, he may be examined as to it. *Stearns* v. *Gosselin*, 58 Vt. 38.

A party to a transaction who becomes a witness is competent for all purposes, and may testify to his own mental processes, such as knowledge, intent, etc. *Hulett* v. *Hulett*, 37

Vt. 581; *Lombard* v. *Oliver*, 7 Allen, 155; *Fisk* v. *Chester*, 8 Gray, 506; *Thatcher* v. *Phinney*, 7 Allen, 146; *Wheeldom* v. *Wilson*, 44 Me. 1; *Heap* v. *Parrish*, 104 Ind. 39; 1 Greenleaf on Evidence, sec. 53.

Mr. JOHN B. SKINNER, for the appellee:

No bill of exceptions was taken showing any objection by appellee to the order allowing the change of the form of action. It is too late to raise the point for the first time in this court. An entry of an exception by the clerk on the record is not sufficient. *VanCott* v. *Sprague*, 5 Bradw. 99; *Brooks* v. *People*, 11 id. 422; *Hersey* v. *Schaedel*, 6 id. 188; *Saunders* v. *Bernard*, 11 id. 514; *Reed* v. *Horne*, 73 Ill. 598; *Fanning* v. *Russell*, 81 id. 398.

The mere bringing of a suit in assumpsit by a creditor who has two concurrent remedies,—the other being in tort for fraud,—is not of itself sufficient to operate as an irrevocable election on the part of the creditor to waive the tort. *Gibbs* v. *Jones*, 46 Ill. 319; *Bank of Beloit* v. *Beale*, 7 Bosw. 611; *Wright* v. *Ritterman*, 4 Rob. 704; *Smith* v. *Scantling*, 4 Blackf. 443; 1 Chitty's Pl. (7th Am. ed.) 243.

An estoppel can never be allowed when it will itself perpetrate fraud or work injustice. 1 Herman on Estoppel, sec. 14; *Mills* v. *Graves*, 38 Ill. 455; *Turnipseed* v. *Hudson*, 50 Miss. 429.

A party defrauded in a contract may affirm it in the most unequivocal manner, and yet maintain an action to recover damages for the fraud. Benjamin on Sales, sec. 452, note a; *Allaire* v. *Whitney*, 1 Hill, 486; *Whitney* v. *Allaire*, 4 Denio, 554.

It was not proper for the defendant to testify to his secret motives and intentions, and what he meant by his letter. *Brant* v. *Gallup*, 111 Ill. 492; *Cowley* v. *Smyth*, 46 N. J. 388; *Endsley* v. *Johns*, 120 Ill. 480.

Mr. Justice Wilkin delivered the opinion of the Court:

Prior to December 28, 1883, appellant ordered goods from appellee to the amount of $513.05, appellee then residing and doing business in Reading, Pennsylvania, and appellant in Chicago. On receipt of the order, appellee wrote the following letter:

"Mr. Samuel Flower—I received an order from Mr. Feist for you, and I must say, for all I know of your standing, I think the order is rather large. I have sold you but small bills before this, and your payments have not been very prompt. If you will be kind enough to make me a statement, if satisfactory, will send the goods; but I must know something about your ability to pay. Please do not think it hard of me for being on my guard, as I have lost considerable money of late, and must be more careful how I grant credit. Please let me hear from you.     Yours respectfully,
A. J. Brumbach."

—To which appellee replied, December 31, 1883:

"Mr. A. J. Brumbach—Your letter of the 28th inst. at hand, and in reply will say that I am surprised to hear you ask me for a statement, after dealing with you for the past few years. Although not having bought much in your line, and not being so exact in paying, I must let you know that I have not manufactured much,—in fact, none at all. Have bought everything ready made, and made a nice few dollars—enough to give me a good start in going into manufacturing. I intend taking another store next door to me, break through, and have a double store, to give me plenty of room to cut and make up everything in the way of clothing myself. For instance, last year I sold $35,000. Next year I expect to sell more. The savings is twenty-five per cent in getting up the goods yourself, as I have looked the matter thoroughly through, and I am satisfied that if I sell only $40,000, it will be a net saving of $10,000 on manufacturing alone. As for reference, I could

refer you to a good many of the large houses, but they are too many to mention, so I will just refer to one—Fleischer Bros., in Philadelphia. I bought $2000, discount ten days. Also, other large houses in the city. My stock is just now worth $15,000, and owe about $1000—comes due about March 1. So, Mr. Brumbach, if everything is satisfactory, send the goods at once.            Yours respectfully,

SAMUEL FLOWER."

Appellee thereupon sent the goods, relying, as he claims, wholly upon the statements contained in said letter. The goods were not paid for. The evidence shows that at the time appellant wrote said letter he was indebted to his mother and mother-in-law in the sum of several thousand dollars, for which judgments were confessed by him before this suit was brought, and on which all his assets were levied upon and sold.

On the 22d of September, 1884, appellee began this suit by filing a declaration in assumpsit, in the Superior Court of Cook county, to recover the said sum of $513.05, and at the same time filed his affidavit for a *capias ad respondendum,* charging appellant with fraud in buying said goods. On November 29, 1884, the *capias* was quashed, and December 20, following, appellee was allowed to change the form of his action to case, and thereupon filed an amended declaration charging appellant with fraud and deceit in the purchase of said goods. To this declaration appellant filed a plea of not guilty. The case was submitted to the court, without the intervention of a jury, on an agreed state of facts, and the finding and judgment were for the defendant. Plaintiff appealed to the Appellate Court for the First District. It is stated in the opinion of that court by McALLISTER, P. J., (20 App. Ct. Rep. 220,) that "the sole ground upon which the Superior Court found for the defendant was, that the plaintiff, by bringing his action of assumpsit on the contract of sale, thereby precluded himself, by his own election, from afterward main-

taining an action on the case to recover damages for fraud and deceit in the purchase of the goods." The judgment of the Superior Court was reversed, and the cause remanded.

On the trial from which this appeal was prosecuted, after the plaintiff had closed his evidence, the defendant offered to prove the bringing of the action of assumpsit, for the purpose, it is said, of having the question of election reviewed in the Appellate and this court, which was previously decided by the Appellate Court. This evidence was excluded by the trial court, and a judgment rendered in favor of plaintiff below. Appellant appealed to the Appellate Court for said First District, where the judgment was affirmed. Two members of that court certified that the cause involved questions of law of such importance, on account of principal and collateral interests, that it should be passed upon by the Supreme Court, and thereupon granted this appeal.

It is insisted here, as it was in the Appellate Court, that the trial court erred in excluding the offered evidence of the bringing of the action of assumpsit. It is not claimed that that evidence was competent, save for the purpose of showing that by election as to his form of action, plaintiff was precluded from maintaining this suit. It is unnecessary to determine how far the former decision of the Appellate Court was conclusive upon the Superior Court as to the competency of the offered proof, for the reason that, in our opinion, the law is correctly announced in the opinion of McAllister, P. J., (20 App. Ct. Rep.) *supra.* Therefore, the evidence was incompetent, in any view of the case. "The circumstance of a party having elected one of several remedies by *action*, will not, in general, preclude him from abandoning such suit, and after having duly discontinued it, he may adopt any other remedy." 1 Chitty's Pl. (10th Am. ed.) 212.

Under section 24, chapter 110, of the Revised Statutes, it was proper for the Superior Court to allow the plaintiff to change the form of his action as it did. All that can be said,

from the bringing assumpsit and changing the form of action. before judgment to case, is, that the plaintiff mistook his remedy, and availed himself of the statute to amend, on such terms as the court saw fit to impose. *Gibbs* v. *Jones*, 46 Ill. 321.

The claim of counsel for appellant, that appellee gained some advantage by the bringing of assumpsit which he could not have as well had in case, is without foundation.

We think it was also correctly decided by the Appellate Court, on the former appeal to that court, that there was no variance between the allegations of the declaration and the proofs.

On the last trial, counsel for appellant offered to prove, by him, what he *meant* by expressions used in his letter to appellee, what he *believed* appellee meant by his letter of December 28, 1883, to him, and what he *thought* it necessary to state in answer thereto. He was asked, "Did you, in writing this letter, have in mind an intention to mislead Brumbach?" The trial court very properly held this question and the offered evidence incompetent. The question being tried was, whether or not the goods were purchased through fraud and misrepresentation on the part of defendant. That was to be determined by the jury, under instructions from the court. The question sought to be propounded to the witness was not as to his intention in dealing with appellee, but to have him put a secret construction on his letter, and say what he intended and what he did not intend by it. The letter was the only proper evidence of those facts. No authority can be found authorizing such an inquiry. *Brant* v. *Gallup*, 111 Ill. 487.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*