Sutter v. Rose.

---

## Adolph Sutter v. Lester E. Rose.

1. FRAUDULENT CONTRACT—*Must be Disaffirmed upon Discovery of the Fraud.*—A party to a fraudulent contract, who claims to have been defrauded, must disaffirm the contract at the earliest practicable moment after having discovered the fraud. If he remains silent, and continues to treat property acquired under it as his own, he will be held to have waived the objection, and will be conclusively bound by the contract.

**Assumpsit**, on an assumption clause contained in a deed. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed May 14, 1896.

KNIGHT & BROWN, attorneys for appellant, contended that a party is not chargeable with knowledge of a fraud committed upon him at the time that he had the opportunity of discovering the fraud, but from the time that he did actually have knowledge of the fraud. 1 Bigelow on Frauds, 30, 436, 523; 1 Keener, Selections on Contracts, 603; Kirkland v. Lot, 2 Scam. 13; Lloyd v. Higbee, 25 Ill. 494; Devine v. Edwards, 87 Ill. 177; Linington v. Strong, 107 Ill. 295; Jones v. Lloyd, 117 Ill. 597; Greenwood v. Fenn, 136 Ill. 146; Strong v. Linington, 8 Brad. 436; Morey v. Pierce, 14 Brad. 91; Byers v. Daugherty et al., 40 Ind. 198; Metzger v. Huntington, 139 Ind. 301.

In the case of agency, where one who is admitted to be the agent of another for some purpose exceeds his authority and attempts to bind his principal, while the rule ought certainly to be much more stringent than in cases of a fraud perpetrated upon the principal, the principal can only be held to have ratified the unauthorized act of his agent after full knowledge of the fact—not after he has had the opportunity of discovering the fact. Metzger v. Huntington, 139 Ind. 301; Cadwell v. Meek, 17 Ill. 227; G. C. & S. R. R. Co. v. Kelly, 77 Ill. 473; Kerr v. Sharp, 83 Ill. 203; Reynolds v. Ferree, 86 Ill. 576; McDermid v. Cotton, 2 Ill. App. 302; McGoeck v. Hooker, 11 Ill. App. 656; Meister v. C. D. Co., 11 Ill. App. 229; McCormick v. Nichols, 19 Ill. App. 338; Davies v. Atkinson, 25 Ill. App. 272; Bensly v. Brockway, 27 Ill. App. 410.

E. H. THOMPSON and G. B. ANDREWS, attorneys for appellee.

Acceptance by the grantee of a deed poll has the same effect as to him as if he had executed the instrument. Thompson v. Dearborn, 107 Ill. 87, 93; Dean, for use, etc., v. Walker, 107 Ill. 540, 544; Atlantic Dock Co. v. Leavitt, 54 N. Y. 35.

Therefore, the acceptance of a deed being shown, it would seem to follow that a presumption of knowledge of its contents by the grantee would be raised the same as in the case of any other writing signed by a party thereto; and, in the absence of fraud or circumvention, this presumption amounts to an estoppel. Wharton's Evidence, Sec. 1243; McKenzie v. Hesketh, L. R., 7 Ch. Div. 675; Bigelow on Fraud (1st Ed.), 73; Wheeler & Wilson Mfg. Co. v. Long, 8 Ill. App. 463, 466; Strong v. Linington, 8 Ill. App. 436.

In order to constitute fraud or circumvention which will defeat a written instrument, some trick, artifice or misrepresentation, sufficient to throw a person of ordinary prudence off his guard, must be used, by which the party is induced to execute an instrument materially different from the one intended. Hendrix v. The People, 9 Ill. App. 42; Strong v. Linington, 8 Ill. App. 436; Leach v. Nichols, 55 Ill. 274.

And this with intent to deceive. Linington v. Strong, 111 Ill. 152.

It is a necessary ingredient of fraud that some means must be used to deceive or circumvent. Walker v. Hough, 59 Ill. 375; Fauntleroy v. Wilcox, 80 Ill. 477; St. Louis & Southeastern Ry. Co. v. Rice, 85 Ill. 406.

Misrepresentation or ignorance of the mere legal effect is not enough. Hendrix v. The People, 9 Ill. App. 47; Fry v. Day, 97 Ind. 348; Hardy v. Brier, 91 Ind. 91.

It is the duty of the party signing to ascertain the contents before execution. He should not be negligent. Wheeler & Wilson Mfg. Co. v. Long, 8 Ill. App. 463; Miller v. Powers, 119 Ind. 79; Bigelow on Fraud (1st Ed.), 78; 8 Am. & Eng. Enc. Law, 643.

To entitle a theory of the case to recognition in the instructions to the jury, such theory must have a substantial basis in the evidence, which must be more than enough to merely raise a guess, possibility or conjecture. The evidence on which such theory is based must be strong enough to support a finding by the jury. 2 Thompson on Trials, Secs. 2315, 2317; 11 Am. & Eng. Enc. Law, 252; Trustees, etc., v. Hepley, 28 Ill. App. 629; Simmons v. Chicago &

Tomah R. R. Co., 110 Ill. 340; The People v. The People's Insurance Exchange, 126 Ill. 468.

A party desiring to have a particular theory of the case submitted to the jury, should present it to the court in apt instructions, or at least request the court at the time to instruct thereon. Plaut v. Young, 38 Ill. App. 102; Duncan v. The People, 134 Ill. 118; 2 Thompson on Trials, Sec. 2346.

A contract induced by fraud is not void but merely voidable. 1 Beach Mod. Eq. Jurisprudence, Sec. 82, p. 85; Greenwood v. Fenn, 136 Ill. 146.

A party induced to contract by fraud has his election to affirm or disaffirm the agreement; but if he would disaffirm, he must do so at the earliest practicable moment after discovery of the fraud. Day v. Ft. Scott Investment Co., 153 Ill. 304; Greenwood v. Fenn et al., 136 Ill. 158; Morey v. Pierce, 14 Ill. App. 91; Perry v. Pierson, 135 Ill. 218; Hall v. Fullerton, 69 Ill. 448; Strong v. Strong, 102 N. Y. 69; 5 N. E. Rep. 799; Grymes v. Sanders, 93 U. S. 55; 2 Pomeroy's Eq. Juris., Sec. 897; 1 Beach Mod. Eq. Juris., Sec. 76.

There is but one election to rescind or affirm, and once exercised, is at an end. Bigelow on Fraud (1st Ed.), 436; Greenwood v. Fenn, 136 Ill. 146.

The party will not be permitted to speculate for a time on the probabilities of an advantageous bargain, after he has discovered a cause for rescission, but must act promptly to compel it. Neal v. Reynolds, 38 Kan. 432; Greenwood v. Fenn, 136 Ill. 146.

And a party discovering fraud can not lie by until he discovers its full extent before acting. A further discovery of fraud will not give a further election to rescind. Greenwood v. Fenn, 136 Ill. 146.

And rescission must be *in toto*, if at all, so that all parties may be restored to their original rights. 1 Beach Mod. Eq. Juris., Sec. 76; 8 Am. and Eng. Encyc. Law, 651, n. 6.

Negligence by a defrauded party, when knowledge is ascertainable by use of ordinary diligence, will estop him as against innocent persons who rely upon his apparent acquiescence. 2 Beach Mod. Eq. Juris., Sec. 1100; Leather Mfr. Nat. Bank v. Morgan, 117 U. S. 96.

A contract of purchase of mortgaged premises, provided that the conveyance should be made "subject" to the mortgage, merely, is not of itself evidence of fraud by the grantor in inserting in the deed an agreement, binding the grantee to pay the mortgage indebtedness.   Weaver v. McKay et al., 108 Cal. 546; 41 Pac. Rep. 450.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was a suit in assumpsit brought by appellee against appellant upon an assumption clause contained in a certain deed made by one Charles H. Peckham and wife to the appellant, conveying certain lots in the city of Wichita, Kansas, dated May 27, 1890, for an expressed consideration of $3,005.

That clause followed the covenants of general warranty, and expressed an exception thereto, and was as follows :

"Except a mortgage to secure a note for $1,600, dated April 5, 1889, with interest at eight per cent per annum, due on or before three years from date, which the grantee assumes and agrees to pay."

There is no question but the note and mortgage referred to in said clause belonged to the appellee, and remained wholly unpaid.

The firm of Sutter Brothers, of Chicago, held a claim then in suit against Peckham, who seems to have lived in Wichita, and the deed containing said clause was executed and delivered in purported settlement of said claim.

It was proved that the consideration named in the deed was made up of the amount due on the mortgage and the sum of Peckham's indebtedness to Sutter Brothers.

The main contention of the appellant is, that he never agreed to accept a deed from Peckham by which he should assume the note and mortgage, and that the execution of the deed in the manner indicated was a fraud upon him. He does not contend that he did not agree to accept a conveyance of the property subject to the mortgage, in satisfaction of the indebtedness of Peckham to Sutter Brothers,

nor that the deed did not come into his possession soon
after it was made.

We think the evidence fairly showed what appellant con-
tends was the fact, and that the deed was accepted by the
attorneys for Sutter Brothers in the form that it was drawn
without authority to do so.

But it is still more clearly established that appellant was
charged with notice that the deed did contain the clause in
question, and having such notice, that he did nothing to
disaffirm the contract imposed upon him by the deed.

The deed was sent to appellant by his attorneys, in Kan-
sas, either directly or through R. G. Dun & Co., and came
to his hands in the summer of 1890, shortly after it was re-
corded.    He testified that he put it away in the vault with-
out reading it, and kept it from that time forward without
objection, and did not know of the clause in question being
in the deed until in 1892, when this suit was commenced,
and that up to that time he did not know the legal effect of
the clause as applied to himself.

Appellant admits that he personally wrote the following
letter, which bears date nearly two years after the deed
came into his possession, and about ten months before this
suit was begun:

"SUTTER BROS.,

LEAF TOBACCO,

155 and 157 Lake Street, Cor. La Salle St.

June 13, 1892.

Ratliff & Cone, Wichita, Kas.

GENTLEMEN: In reply to yours of the 11th, would say
that we had a claim against C. H. Peckham, formerly of
your city, which we sent to R. G. Dun & Co. for collection.
Mr. Peckham made their attorney a proposition to take the
land you inquire about in settlement of our claim, subject
to a mortgage, we think, of about $1,600.   The attorney
settled the claim as above, but instead of taking a second
mortgage, he took a deed of the property in the name of
Adolph Sutter, for the firm of Sutter Bros., which was not
according to our intentions, as we did not wish to assume

any mortgage on this property and would not pay the mortgage at the present time.    However, if you can get a chance to sell the property, we are willing to sell our portion of it at a reasonable price, so let us know by return mail what the best offer is that you can get, and if it is all satisfactory we would be willing to close out our interest in the land.

We have no agent in Wichita, except R. G. Dun & Co.'s attorney, who did the business for us, but whose name we do not remember at present.    However, if you should want to know his name and address, let us know and we will find same out from R. G. Dun & Co. of this city.    Let us hear from you as soon as possible, as to what the prospects are for disposing of the property, and oblige

Yours very truly,

A. S.                                    SUTTER BROS."

It would seem to be conclusive that at the time he wrote that letter he knew of the assumption clause in the deed; and that he knew somewhat of its legal effect is certain from the language he used.

The most that can be said is, that he may not have understood the full legal effect upon himself of the clause in the deed.

Taking no steps and doing nothing from that time on to disaffirm the contract so assumed by him, even though a fraud had been practiced upon him of which he had, previous thereto, no knowledge, he must be estopped from setting up the fraud as against appellee.

There is not the slightest evidence to show that appellee had any knowledge of the fraud claimed by appellant, but on the other hand it was shown that appellee changed his position with reference to the mortgaged premises from that of holder of the title by deed (though in fact a mortgage) to the less advantageous position of a direct mortgagee, for the purpose, as we must conclude under the circumstances, of facilitating the settlement between Peckham and appellant's firm.

It is well established that a party to a fraudulent contract,

who claims to have been defrauded, must disaffirm the contract at the earliest practicable moment after having discovered the fraud, and that, if he remains silent and continues to treat the property as his own, he will be held to have waived the objection and will be as conclusively bound by the contract as if the fraud had not occurred.   Morey. v. Pierce, 14 Ill. App. 91; Greenwood v. Fenn et al., 136 Ill. 146; Day v. Fort Scott Investment Co., 153 Ill. 293; Linington v. Strong, 97 Ill. 295; same case, 8 Ill. App. 436.

Although appellant was defrauded, yet, knowing it, his subsequent conduct was such as requires that he should be held to have elected to waive the fraud and stand by the contract.

His letter we regard as plainly conclusive against him in that respect, and we think it was not error to refuse to permit the appellant to explain that his intention was other than was therein expressed.

Appellant, in his brief, expressly waives discussion of any error in the refusal of instructions offered by himself, but contends that there was error in those given in behalf of appellee.

The given instructions presented the case upon the theory of law already mentioned as applicable to the proved facts and circumstances, and we think correctly so.

We think that under the law applied to the evidence, the judgment was correct, and it will therefore be affirmed.