## ADOLPH SUTTER

*v.*

## LESTER E. ROSE.

*Opinion filed November 8, 1897.*

1. APPEALS AND ERRORS—*what deemed a waiver of errors in Supreme Court.* Errors assigned in the Appellate Court upon rulings of the trial court, which are neither argued in the Appellate Court nor pressed upon that court's attention, are deemed waived, and cannot be revived and pressed in the Supreme Court.

2. FRAUD—*on discovering fraud contract must be disaffirmed.* One claiming to be defrauded should disaffirm the contract at the earliest practicable moment after discovering the fraud, and place, or offer to place, the other party *in statu quo;* and if he remains silent, and treats the property received under such contract as his own, he will be bound by the contract.

3. EVIDENCE—*the meaning of a letter cannot be varied by parol testimony.* The writer of a letter offered in evidence may show the circumstances under which it was written, but he cannot testify as to his intention or purpose in writing it, and thereby avoid its effect as a statement or declaration of the facts therein contained.

*Sutter v. Rose,* 64 Ill. App. 263, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

This was an action in assumpsit, brought by Lester E. Rose against Adolph Sutter and others, composing the firm of Sutter Bros., of Chicago, upon an assumption clause in a deed made by C. H. Peckham and wife to Adolph Sutter in May, 1890, conveying certain real estate in Wichita, Kansas. Peckham was indebted to Sutter Bros. in the sum of about $1258.33. He owned some real estate in Wichita, which was encumbered by a mortgage of $1600 to Lester E. Rose. The claim of Sutter Bros. against Peckham had been placed in the hands of R. G. Dun & Co. for collection, and they, in the ordinary course of business, sent it to their attorneys, Houston & Boone,

at Wichita. After some negotiations, part of which was a personal interview between Peckham and appellant, it was agreed Peckham should deed the lots in Wichita to appellant, who should receipt him in full for the claim Sutter Bros. held against Peckham. The latter and his wife executed and delivered to Houston & Boone a warranty deed on May 27, 1890, which was in the usual form, with the following exception: "Except a mortgage to secure a note for $1600, dated April 5, 1889, with interest at eight per cent per annum, due on or before three years from date, which the grantee assumes and agrees to pay." This deed, in the usual course of business, either direct from the Wichita attorneys to appellant or through Dun & Co., reached appellant and was placed in his safe.

The contention is made by appellant that a deed was prepared by Houston & Boone to him, which was given to Peckham to be executed by him and his wife, which deed did not contain the assumption clause, but that Peckham surreptitiously had another deed prepared, being the deed in question, which was executed and delivered to Houston & Boone, attorneys for appellant, and by them recorded and sent to appellant without observing this change. Appellant says he did not know the conditions of this deed until this suit was brought, but there is some correspondence by him indicating the contrary.

On a trial in the circuit court of Cook county a jury rendered a verdict in favor of the plaintiff for $2425.34. A motion for new trial was overruled and judgment entered, which, on appeal to the Appellate Court for the First District, was affirmed, from which this appeal is prosecuted.

KNIGHT & BROWN, for appellant:

A party is not chargeable with knowledge of a fraud committed upon him at the time he had the opportunity of discovering the fraud. 1 Bigelow on Fraud, 30, 436, 523; 1 Keener on Contracts, 603; *Kirkland* v. *Lot*, 2 Scam.

13; *Lloyd* v. *Higbee*, 25 Ill. 494; *Devine* v. *Edwards*, 87 id. 177; *Linington* v. *Strong*, 107 id. 295; *Jones* v. *Lloyd*, 117 id. 597; *Greenwood* v. *Fenn*, 136 id. 146; *Morey* v. *Pierce*, 14 Ill. App. 91; *Strong* v. *Linington*, 8 id. 436; *Byers* v. *Daugherty*, 40 Ind. 198; *Metzger* v. *Huntington*, 139 id. 301.

The mere fact that one has the means of knowledge of the facts in regard to the fraudulent representation will not prevent him from maintaining an action for deceit. 1 Bigelow on Fraud, 30.

A party guilty of fraudulent conduct will not be allowed to cry "negligence" as against his own deliberate fraud. *Linington* v. *Strong*, 107 Ill. 295.

Where one who is admitted to be the agent of another for some purpose exceeds his authority and attempts to bind his principal, the principal can only be held to have ratified the unauthorized act of his agent after full knowledge of the fact,—not after he has had the opportunity of discovering the fact. *Metzger* v. *Huntington*, 139 Ind. 301; *Cadwell* v. *Meek*, 17 Ill. 227; *Railroad Co.* v. *Kelly*, 77 id. 473; *Kerr* v. *Sharp*, 83 id. 203; *Reynolds* v. *Ferree*, 86 id. 576; *McDermid* v. *Cotton*, 2 Ill. App. 302; *McCormick* v. *Nichols*, 19 id. 338; *Meister* v. *Dryer Co.* 11 id. 229; *McGeoch* v. *Hooker*, id. 656; *Davies* v. *Atkinson*, 25 id. 272; *Bensley* v. *Brockaway*, 27 id. 410.

E. H. Thompson, and G. B. Andrews, for appellee:

Acceptance by the grantee of a deed poll has the same effect, as to him, as if he had executed the instrument. *Thompson* v. *Dearborn*, 107 Ill. 87; *Dean* v. *Walker*, 107 id. 540; *Atlantic Dock Co.* v. *Leavitt*, 54 N. Y. 35.

In order to constitute fraud or circumvention which will defeat a written instrument, some trick, artifice or misrepresentation sufficient to throw a person of ordinary prudence off his guard must be used, by which the party is induced to execute an instrument materially different from the one intended. *Hendrix* v. *People*, 9 Ill. App. 42; *Strong* v. *Linington*, 8 id. 436; *Leach* v. *Nichols*, 55 Ill. 274.

It is a necessary ingredient of fraud that some means must be used to deceive. *Fauntleroy* v. *Wilcox*, 80 Ill. 477; *Walker* v. *Hough*, 59 id. 375; *Railway Co.* v. *Rice*, 85 id. 406.

Misrepresentation or ignorance of the mere legal effect is not enough. *Hendrix* v. *People*, 9 Ill. App. 42; *Fry* v. *Day*, 97 Ind. 348; *Hardy* v. *Brier*, 91 id. 91.

It is the duty of the party signing, to ascertain the contents before execution. He should not be negligent. *Wheeler Manf. Co.* v. *Long*, 8 Ill. App. 463; *Miller* v. *Powers*, 119 Ind. 79; Bigelow on Fraud, (1st ed.) 78; 8 Am. & Eng. Ency. of Law, 643, note 5.

A party desiring to have a particular theory of the case submitted to the jury should present it to the court in apt instructions, or at least request the court to instruct thereon. *Plaut* v. *Young*, 38 Ill. App. 102; *Duncan* v. *People*, 134 Ill. 118; 2 Thompson on Trials, sec. 2346.

A contract induced by fraud is not void, but merely voidable. 1 Beach on Modern Eq. Jur. sec. 82, p. 85; *Greenwood* v. *Fenn*, 136 Ill. 146.

A party induced to contract by fraud has his election to affirm or disaffirm the agreement; but if he would disaffirm, he must do so at the earliest practicable moment after discovery of the fraud. *Day* v. *Investment Co.* 153 Ill. 295; *Greenwood* v. *Fenn*, 136 id. 146; *Morey* v. *Pierce*, 14 Ill. App. 91; *Perry* v. *Pearson*, 135 Ill. 218; *Hall* v. *Fullerton*, 69 id. 448; *Strong* v. *Strong*, 102 N. Y. 69; *Grymes* v. *Sanders*, 93 U. S. 55; 2 Pomeroy's Eq. Jur. sec. 897; 1 Beach on Modern Eq. Jur. sec. 76.

A party will not be permitted to speculate for a time on the probabilities of an advantageous bargain after he has discovered a cause of rescission, but must act promptly to compel it. *Neal* v. *Reynolds*, 38 Kan. 432; *Greenwood* v. *Fenn*, 136 Ill. 146.

A party discovering fraud cannot lie by until he discovers its full extent before acting. A further discovery of fraud will not give a further election to rescind. *Greenwood* v. *Fenn*, 136 Ill. 146.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

All questions of fact in this case are settled by the judgments of the trial and Appellate Courts. We can only consider errors of law, if any arise, on the giving or refusal of instructions and the admission or refusal of testimony.

Appellant urges as error the refusal of the trial court to give certain instructions asked by him, as defendant below. We find that in the Appellate Court appellant expressly waived discussion of any error in the refusal of instructions offered by himself, but contended that there was error in those given in behalf of appellee. Where errors are assigned in the Appellate Court which would cover supposed erroneous rulings of the trial court, and such errors are not argued nor the particular attention of the Appellate Court called to them, they will be held to have been waived and abandoned, and cannot be revived and raised in this court for the first time. *Strodtmann* v. *County of Menard,* 158 Ill. 155.

Without incumbering this opinion with all the instructions of the plaintiff, nine in number, it is sufficient to say that they instructed the jury on the general principle that even though the deed in question was not in the form anticipated and contained the assumption clause not intended by the grantee, yet if, after notice, he did nothing to disaffirm the contract thus imposed upon him he is estopped from setting up the fraud as against appellee. The rule is well established that a party who claims to have been defrauded must disaffirm the contract at the earliest practicable moment after having discovered the fraud, and place the other party *in statu quo,* or offer to do so; and if he remains silent, and continues to treat the property as his own, he will be held to have waived the objection, and will be as conclusively bound by the contract as if the fraud had not occurred. *Morey* v. *Pierce,* 14 Ill. App. 91; *Hall* v. *Fullerton,* 69 Ill. 448; *Perry* v. *Pearson,*

135 id. 218; *Greenwood* v. *Fenn,* 136 id. 146; *Day* v. *Fort Scott Investment Co.* 153 id. 293.

The question as to whether or not appellant had notice of the clause in the deed which created the liability alleged in the declaration is one of fact, and has been settled by the judgments of the circuit and Appellate Courts. It appears that some ten months before this suit was commenced appellant had written to some parties in Wichita the following letter:

*"Ratliff & Cone, Wichita, Kan.:*                   *"June 13, 1892.*

"GENTLEMEN—In reply to yours of the 11th would say that we had a claim against C. H. Peckham, formerly of your city, which we sent to R. G. Dun & Co. for collection.   Mr. Peckham made their attorney a proposition to take the land you inquire about in settlement of our claim, subject to a mortgage, we think, of about $1600.   The attorney settled the claim as above, but instead of taking a second mortgage he took a deed of the property in the name of Adolph Sutter, for the firm of Sutter Bros., which was not according to our intentions, as we did not wish to assume any mortgage on this property and would not pay the mortgage at the present time.   However, if you can get a chance to sell the property we are willing to sell our portion of it at a reasonable price, so let us know by return mail what the best offer is that you can get, and if it is all satisfactory we would be willing to close out our interest in the land.   *   *   *

"Yours very truly,                   SUTTER BROS."

The question of fact having therefore been found by the Appellate Court that appellant had notice of the clause in the deed which created this obligation, and it being, under the law, his duty to disaffirm this contract at the earliest practicable moment after its discovery, the instructions given by the trial court on behalf of the plaintiff were proper.

It is urged also by appellant that the court erred in not permitting the witness Adolph Sutter to explain the letter above quoted.   We see no error of the trial court in this respect.   The witness was permitted to give his version of the entire transaction, but not an explanation

of his letter. He testified he had no knowledge of the conditions in the deed in question; that on receiving it he had placed it in his vault without examination, and he did not know, until the time of the commencement of this suit, of the particular clause in question or the legal effect of the clause as applied to himself. The letter was offered for the purpose of contradicting this testimony. The meaning of a letter cannot be varied by parol testimony. The extent to which the writer of a letter may be permitted to testify in regard thereto is to show the circumstances under which it was written, but he cannot testify as to his intention or purpose in writing it, and thereby avoid its effect as a statement or declaration of the facts contained in it. (*Brant* v. *Gallup*, 111 Ill. 487.) It is not proper to permit a party to testify what he meant by expressions used in a letter, or to say what he intended or what he did not intend by such expressions. The letter is the only proper evidence of these facts or what his meaning or intention was. (*Flower* v. *Brumbach*, 131 Ill. 646.) When the trial court, therefore, had permitted the appellant to testify as to all the facts within his knowledge concerning the entire transaction, except to give an explanation of the expressions used in his letter, no error was committed.

As before stated, there are only two questions of record in this case which we can consider, and those are, the correctness of the instructions given on behalf of the appellee, and the refusal of the trial court to admit this testimony. On both of these questions we concur with the Appellate Court.

There being no error, the judgment of the Appellate Court is affirmed.                  *Judgment affirmed.*