# J. F. DEMARIS and Another v. J. P. RODGERS.[1]

January 28, 1910.

Nos. 16,396—(182).

**Deed — Agreement to Pay Existing Mortgage — Fraud.**

A clause in a deed of real property by which the grantee is made to assume and agree to pay a mortgage indebtedness existing against the land, and subject to which the conveyance is made, inserted therein by the fraud of the grantor, is not binding upon the grantee.

**Grantee Not Estopped.**

Evidence *held* not to show that the grantee accepted the deed with knowledge of the assumption clause therein, and he is therefore not estopped from denying liability.

**Findings Sustained by Evidence.**

Findings of the trial court *held* sustained by the evidence.

Action in the district court for Washington county to recover $1,632.68 which plaintiffs were compelled to pay to satisfy a mortgage on land conveyed by them to defendant. The facts are stated in the opinion. The case was tried before Hallam, J., who made findings of fact and as conclusions of law found that defendant never assumed or agreed to pay either of the mortgages aforesaid or any part of the debt secured thereby, either in person or by agent; that he never ratified any act of assumption thereof by any person; that defendant never accepted any deed containing the words, "which grantee assumes" aforesaid and never agreed to do so; that defendant was entitled to a judgment and decree that said words were inserted in the deed by plaintiffs with intent to defraud defendant; and that the deed be reformed by striking therefrom the words "which grantee assumes." From an order denying plaintiffs' motion for a new trial, they appealed. Affirmed.

[1] Reported in 124 N. W. 457.

110 M.—4.

*John M. Hemingway, Henry Deutsch,* and *J. W. Gilger,* for appellants.

*B. H. Schriber,* for respondent.


BROWN, J.

The facts in this case, as found by the trial court, are as follows:

Defendant was the owner of certain real property in the state of North Dakota; and plaintiffs were the owners of certain land in the state of Iowa, which was incumbered by two mortgages, one for $4,000 and one for $1,440. On the eleventh of April, 1907, the parties entered into a written contract wherein and whereby defendant agreed to sell and convey to plaintiffs his Dakota land for the sum of $4,500, in payment of which plaintiffs agreed to pay him $2,000 in deferred cash payments, and to convey to defendant their Iowa land, subject to the two mortgages then existing against it. The contract and all documents evidencing the transaction were deposited with the First National Bank of Austin, this state, where the contract was entered into, to be delivered to the respective parties on being entitled thereto. Subsequently plaintiffs, at their residence in the state of Iowa, in the performance of the obligations imposed upon them by the contract, caused to be prepared and executed a warranty deed in due form by which they conveyed their Iowa land to defendant. Without consultation with defendant, they caused to be inserted in the deed a clause by which he was made to assume the mortgage indebtedness upon the land. The contract between the parties did not require defendant to assume or pay the outstanding mortgages, and the clause was inserted in the deed without his knowledge or consent, and for the purpose of defrauding him. The deed, as so prepared and executed, was forwarded by plaintiffs to the bank at Austin, and by its officers subsequently sent for record to the proper recording officer of the county in Iowa in which the land is located. It was never submitted to defendant for examination, and the fact that the clause by which he was made to assume the mortgages had been inserted therein was wholly unknown to him until after the commencement of this action. Subsequent to the exchange of deeds and the completion of the transaction, one Meyers, the holder of the second mort-

gage upon the Iowa land, foreclosed the same by action in the Iowa courts, in which plaintiffs, as mortgagors, and defendant, as holder of the legal title, were made parties defendant. Defendant herein, however, was a resident of this state, and the jurisdiction of the Iowa court, as to him, extended only to the foreclosure of the mortgage. A decree of foreclosure was duly entered in that action, awarding to plaintiff therein judgment against defendants Benson and Demaris for the amount due upon the mortgage, viz., $1,526.62, and directing the issuance of a special execution for the sale of the land. Execution was thereafter issued, under which, in the due course of procedure, the land was sold by the sheriff for the sum of $50, that being the highest and only sum bid therefor. Thereafter Benson and Demaris, defendants in that action, plaintiffs in this action, paid the balance due on the judgment, and then brought this action against defendant herein to recover the amount so paid, on the theory and claim that defendant assumed and agreed to pay the same by the terms of the deed executed and delivered to him through the Austin bank, as heretofore stated.

Upon these facts, the trial court ordered judgment for defendant, and plaintiffs appealed from an order denying a new trial.

The principal question presented by the assignments of error is whether the findings of the court are sustained by the evidence. Upon this question we have only to say that the record has been carefully examined, with the result that ample evidence is found therein to sustain the conclusions of the trial court. We are not required to discuss the evidence for the purpose of demonstrating the correctness of the trial court's conclusions. It is sufficient that the evidence has been examined with the result stated. Carver v. Bagley, 79 Minn. 114, 81 N. W. 757.

There can be no question that if defendant accepted the deed containing the assumption clause with knowledge of its presence, and without protest or objection, it would be binding upon him, even though he had not previously agreed to pay the outstanding debt. Follansbee v. Johnson, 28 Minn. 311, 9 N. W. 882; Slocum v. Bracy, 55 Minn. 249, 56 N. W. 826, 43 Am. St. 499. But the trial court found, and the evidence justifies the finding, that defendant did not

agree as a part of the transaction to assume or pay these mortgages, and that the assumption clause was fraudulently inserted in the deed by plaintiffs. The court further found that defendant did not in fact know of the condition of the deed, or the presence of this clause therein, until after the commencement of this action. The deed was not delivered to him personally, but to the bank, through whom all the papers were delivered, as the agent of both parties, and by the officers thereof transmitted for record. Under such circumstances defendant is not bound by the stipulation so fraudulently inserted in the deed; at least, the evidence was not such as to require of the court below a finding of knowledge on his part. Martini v. Christensen, 65 Minn. 489, 67 N. W. 1019; Clifford v. Minor, 76 Minn. 12, 78 N. W. 861.

The fact that defendant had no notice or knowledge of the terms of the deed in this respect until after the commencement of the action renders inapplicable the doctrine of laches or estoppel invoked by plaintiffs, even if it be conceded that a party may set up his own fraud as the foundation for an estoppel against the defrauded party.

The assignments of error challenging certain rulings of the court on the admission of evidence are not discussed in the briefs, and are therefore waived.

Order affirmed.