CHICAGO—FIRST DISTRICT—APRIL, 1915.    399

Breitenstein v. Independent Button & Mach. Co., 192 Ill. App. 399.

## Julius G. Breitenstein, Appellant, v. Independent Button & Machine Company, Appellee.

### Gen. No. 20,270.

1. PAYMENT, § 34*—*when acknowledgment conclusive.* An acknowledgment by plaintiff of his indebtedness to the defendant "after all counter-claims of whatever character that I have" against the defendant, *held* to bar an action for amounts claimed under an alleged indefinite agreement entered into prior to the making of the acknowledgment, such acknowledgment not having been satisfactorily explained.

2. EVIDENCE, § 381*—*when parol evidence of intention inadmissible.* Where a party executes a written acknowledgment of indebtedness, such writing is the only proper evidence of the purpose of the writer, and of what he intended or did not intend by the words used.

3. CONTRACTS, § 385*—*when evidence insufficient to show contract.* Evidence *held* insufficient to prove a definite agreement on the part of the defendant or its officers to pay plaintiff for patents assigned to it.

4. CONTRACTS; § 8*—*when void for indefiniteness.* Where an agreement is so vague and indefinite that it is not possible to collect from it the full intention of the parties, it is void, for neither the court nor the jury can make an agreement for the parties.

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed April 26, 1915.

CLELAND, LEE & PHELPS, for appellant; LESTER E. LEE, of counsel.

MATZ, FISHER & BOYDEN, for appellee; LAIRD BELL, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff Breitenstein brought an action of the first class in the Municipal Court against the defendant

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

400    APPELLATE COURTS OF ILLINOIS.

Breitenstein v. Independent Button & Mach. Co., 192 Ill. App. 399.

corporation to recover damages for the breach of an alleged promise by defendant by Kultchar, its president, to pay plaintiff for "two patents at the market value thereof at the time they were paid for." The cause was tried by the court and resulted in a finding and judgment for the defendant and the plaintiff appealed. In 1904 plaintiff and Silsby were engaged in manufacturing machines to make buttons and in making button dies. In July of that year the defendant corporation was organized to engage in the same business. Plaintiff bought Silsby's interest in the plant and business and sold the same to the defendant. He made a bill of sale to Trilling and Trilling made a bill of sale to Kultchar. The bill of sale to Trilling transferred the plant and equipment of plaintiff, the good will of his business and "all rights, prospective rights, and patents now in existence, and patents applied for, of which said party of the first part (Breitenstein) is at the present time the owner, or may hereafter in any way be or become entitled to; also all the inventions, in part or entirely, hereafter made or discovered by said party of the first part, improving, perfecting, supplanting or superseding the invention or inventions now in existence; also any and all inventions hereafter to be made, whether patentable or not, which may at present or hereafter be of use or become valuable in the conducting of a business of a similar nature to the one said party of the first part is at the present time engaged in, or any business that may become an outgrowth of said business, whether hereafter conducted by an individual, firm or corporation, as the case may be." The bill of sale from Trilling to Kultchar transferred the property bought by Trilling from plaintiff, the good will of his business, and contains the same provision that is contained in the bill of sale to Trilling. Kultchar transferred the plant, equipment and rights so transferred to him to the defendant corporation and the

plaintiff received for the plant, equipment and rights so transferred by him $1,000 of the stock of the defendant at par and was given the right to buy forty shares in addition for $1,000. Plaintiff was employed to take charge of and operate the plant. He began to work for the defendant at $20 per week, which was increased "right along" and had a drawing account on which he drew certain amounts from the defendant from time to time. In 1906 a patent was issued to plaintiff for a button machine, dated November 29th, and another patent was issued to him for a button machine dated September 29, 1908. The defendant corporation paid the expenses of procuring both patents and they were both assigned to it by the plaintiff.

Plaintiff's account with the defendant was overdrawn June 30, 1909, $601.39, and he had borrowed from defendant $1,177 and given his note therefor dated June 4, 1902. June 30, 1909, he signed and gave to the defendant the following instrument:

"THE INDEPENDENT BUTTON & MACHINE CO.
Chicago, June 30, 1909.

I hereby acknowledge an indebtedness to the Independent Button & Machine Co. of Seventeen Hundred Seventy-eight and 39/100 Dollars ($1,778.39), of which $601.39 is for overdraft on open salary account, and $1,177.00 is for loan evidenced by my note dated June 4, 1909, after all counter-claims of whatever character that I have had against either M. R. Kultchar or the Independent Button & Machine Co. have been deducted.
(Signed)    J. G. BREITENSTEIN."

Plaintiff's case begins, as stated by himself, with an agreement to assign to defendant inventions of the character of the inventions for which the patents in controversy were issued, and concludes with a statement that plaintiff is indebted to defendant in the sum of $1,778.30, after all "counter-claims of whatever character that I have had against either M. R. Kultchar or the Independent Button Co. have been deducted." The alleged promises on which plaintiff

402 Appellate Courts of Illinois.

Breitenstein v. Independent Button & Mach. Co., 192 Ill. App. 399.

relies were made, if made at all, after the agreement to assign the patents were made and before the writing by plaintiff on June 30, 1909, admitting that he was indebted to defendant, after deducting all counterclaims that he had had either against Kultchar or the defendant, in the sum of $1,178.39, was given to defendant.

The document dated June 30, 1909, is an admission that the defendant was not indebted to the plaintiff; and while not conclusive like a release under seal, it is a bar to the suit unless explained. The only evidence tending to explain it was the testimony of the plaintiff as to his purpose in making the statement. The written statement is the only proper evidence of the purpose of the writer, and of what he intended or did not intend by the words used. *Sutter v. Rose*, 169 Ill. 66, 72; *Flower v. Brumbach*, 131 Ill. 646, 652; *Brant v. Gallup*, 111 Ill. 487, 492. The evidence fails to explain the admission of plaintiff and is a bar to the action.

Plaintiff's amended statement of claim alleged that the defendant agreed to pay for said two patents "at the market value thereof at the time they were paid for." Passing the question whether the promise averred was not void for uncertainty, it is to be noticed that there is in the record no evidence tending to prove the promise so alleged.

The only evidence respecting a promise by defendant to pay plaintiff for his patents are to the effect that plaintiff said to Kultchar after the patents were issued: "If I assign this thing to you, you will have to pay me for it," and that Kultchar replied, "You will get your pay, more than it is worth;" that in 1911 Kultchar said to Siegenthaler: "I owe Breitenstein money and he has nothing to show for it;" that Kultchar said to plaintiff, "We will have the invention patented," and plaintiff said, "Yes, we will have it

patented provided I get what is coming to me," and Kultchar replied, "We will take that up later;" that at another time plaintiff said to Kultchar, "You are sure you are going to pay me for every one of these without giving me anything to show for it," and Kultchar replied, "Don't worry, you will be taken care of;" that Kultchar said to Miss Wesselman, "Breitenstein will get all that is coming to him. It is to be in the future;" that Kultchar said to plaintiff's sister, "I know I have not done right by him" (Breitenstein) "but I will."

The statements testified to do not prove a promise or contract on the part of either Kultchar or the defendant to pay the plaintiff any specified sum of money, but at most only indicate a purpose on the part of Kultchar to do something for Breitenstein some time in the future. In *Mackintosh v. Kimball,* 101 App. Div. (N. Y.) 494, plaintiff was told that if he continued in defendant's employ he should be given an interest in the profits. One of the defendants said to plaintiff, "You can depend on me. I will see that you get a satisfactory amount," and it was held that the whole arrangement was so indefinite that it could not be the basis of a recovery. See to same effect: *United Press v. New York Press Co.,* 164 N. Y. 406; *Butler v. Kemmerer,* 218 Pa. 242. In Beach on Contracts, sec. 72, it is said: "If the agreement be so vague and indefinite that it is not possible to collect from it the full intention of the parties, it is void; neither the court nor the jury can make an agreement for the parties."

After a careful consideration of the evidence, our conclusion is that the terms of the alleged contract were never made complete and were never fixed; that for that reason no recovery can be had in this case, and the judgment is affirmed.

*Affirmed.*