## No. 8839.

### LLOYD ET AL. *v.* LOWE.

1. MORTGAGE—*Assumption of.* The acceptance of a conveyance of lands which are therein declared to be "subject to a mortgage" for a specified amount, raises no presumption of an agreement by the grantee to discharge the mortgage debt.

2. *Assumption clause inserted by mistake of the scrivener,* without the knowledge of the grantee, and contrary to the terms of his agreement, is without effect. The grantee is not chargeable with negligence for his mere failure to read the conveyance.

3. *Failure of grantee to disaffirm,* after receiving notice of the assumption clause improperly inserted, is without effect where the holder of the mortgage debt is not mislead to his injury by the omission.

4. ESTOPPEL—*By conduct*—*Who may assert.*   Only one who has been mislead to his injury by the conduct imputed.

5. NEGLIGENCE—*In matters of contract.*   The grantee of lands is not chargeable with negligence for accepting the conveyance, without perusal thereof.

*Error to Mesa District Court, Hon. Charles Cavender, Judge.*

Messrs. McMULLIN & STERNBERG, for plaintiffs in error.

Mr. J. E. SIMONSON and Mr. W. G. SIMONSON, for defendant in error.

Allen, J.

This was an action upon a promissory note brought by plaintiffs in error, plaintiffs below, as the owners, holders and payees of the note. The makers of the note, to secure the same, had given a trust deed upon certain land then owned by them. Subsequently they conveyed the land to the defendant in error, defendant below, by a deed which contained, after the usual covenants of title and against incumbrances, the following assumption clause: "except * * * a certain trust deed to the amount of $1,000 which party of the second part assumes and agrees to pay."

This action was brought to enforce against the defendant below a personal liability upon the note on account of the foregoing assumption clause. The trial court gave judgment for the defendant.

The trial court found, and the evidence established, that the assumption clause was inserted in the deed contrary to the agreement between defendant and his grantors, by mistake of the scrivener, and that defendant was not present when the deed was prepared. The evidence further discloses, and it is not disputed, that the defendant purchased the land upon a contract in writing between himself and his grantors. The contract, introduced in evidence, does not contain any agreement with reference to the assumption of the trust deed by the purchaser, the defendant, but the trust deed is not mentioned in the written agreement otherwise than in and by a recital therein that the land is "subject to a mortgage of $1,000 now of record." The undisputed evi-

dence was that defendant never assumed nor agreed to pay the trust deed, or the note secured thereby, and that he first saw the clause in the deed, in which it was recited that he assumed and agreed to pay the trust deed, after this action was commenced.

The fact that the defendant agreed to purchase land "subject to a mortgage" raises no presumption that there was an agreement to assume and pay the incumbrance.

"An agreement merely to take land, subject to a specified incumbrance, is not an agreement to assume and pay the incumbrance. The grantee of an equity of redemption, without words in the grant importing in some form that he assumes the payment of a mortgage does not bind himself personally to pay the debt. There must be words importing that he will pay the debt to make him personally liable." *Elliott v. Sackett,* 108 U. S. 132, 27 L. Ed. 678, 2 Sup. Ct.. 375.

In this connection we may add, in the language of the opinion in the case of *Demaris v. Rodgers,* 110 Minn. 49, 124 N. W. 457, that:

"There can be no question that if defendant accepted the deed containing the assumption clause with knowledge of its presence, and without protest or objection, it would be binding upon him, even though he had not previously agreed to pay the outstanding debt."

The defendant in this case denies that he accepted the deed at all. But, assuming that the evidence clearly shows that he did accept the deed, it also shows that he accepted it without knowledge of the assumption clause, and therefore cannot be bound under the rule stated in *Demaris v. Rodgers, supra.* The fact that he did not read the deed had no bearing either upon his liability or his defense. It does not charge him with negligence. In *Elliott v. Sackett, supra,* the court said:

"Elliott had a right to presume that the deed would conform to the written agreement, and was not guilty of such negligence or laches, in not observing the provision of the deed, as should preclude him from relief."

Under the facts of this case, as thus far noted, the defendant is relieved from liability under the general rule thus stated in section 1075, Devlin on Deeds (2nd ed.) :

"If the scrivener by mistake inserts a clause in the deed binding the grantee to assume a mortgage, where neither of the parties intended to place this liability upon the grantee, and did not know of the insertion of the clause, the mortgagee cannot avail himself of it."

The rule above stated has been frequently followed and applied. Had the evidence in this case clearly and indisputably disclosed that the defendant had no knowledge or notice of the assumption clause in his deed until after this action was commenced, he would be relieved of liability and the judgment in his favor would have been unmistakably correct. *Stead v. Sampson* (Iowa), 155 N. W. 978; *Haskins v. Young*, 89 Conn. 66, 92 Atl. 877; *Bradshaw v. Provident Trust Co.*, 81 Oreg. 55, 158 Pac. 275; *Parker v. Jenks*, 36 N. J. Eq. 398; *Stevens' Institute v. Sheridan*, 30 N. J. Eq. 23.

There was evidence in the case, however, that the defendant three months before suit was brought was apprised of facts from which he might be charged with notice of the assumption clause, and that he did nothing to repudiate or disaffirm the contract imposed upon him by the assumption clause in the deed. Upon the proposition that it is the duty of a grantee to disaffirm the contract promptly and that he is liable to the mortgagee under these circumstances if he does not disaffirm the deed or contract, the plaintiffs in error cite the case of *Sutter v. Rose*, 64 Ill. App. 263, affirmed in 169 Ill. 66, 48 N. E. 411. It may be conceded that the case cited supports their contention, but it appears to us that a better rule is followed in a later and very recent case, that of *Johnson v. Maier* (Mo. App.), 187 S. W. 143. The syllabus, in accord with the opinion, contains the following paragraph:

"Where plaintiffs, who held a note secured by a deed of trust on land which was afterwards conveyed to defendant, were not misled because the deed contained a fraudulent

covenant obligating defendant to pay off the deed of trust, such covenant is not, being without consideration, binding on defendant, though he retained the deed after learning of its fraudulent insertion and subsequently conveyed the land."

The court in the opinion there said:

"The argument in behalf of plaintiffs is that, if the defendants conveyed the land after they discovered the clause was therein, such conduct amounted to a ratification thereof, irrespective of how it got there. There might be some merit in this contention if the plaintiffs were thereby misled to their injury; but, in the absence of any such question, the basis of defendant's liability in this case is that they for a valuable consideration assumed and agreed to pay plaintiff's debt."

In the case at bar there were no facts either pleaded or proven to show that plaintiffs were misled to their injury by reason of the defendant's failure to disaffirm the deed or the assumption clause therein within a reasonable time after he had knowledge or notice thereof. In the absence of such facts the only basis of the defendant's liability, as purchaser of the land in question, is as stated in the Missouri case last cited, which is in accord with the decisions already rendered in this state. In the case of *Starbird v. Cranston*, 24 Colo. 20, 48 Pac. 652, the court quoted, with approval, from Pomeroy's Eq. Jur. as follows:

"The ground of the grantee's liability adopted by the courts of a large majority of the states, is that of contract; * * * it is strictly legal, arising out of a contract binding at law."

The decision or rule as stated in *Starbird v. Cranston*, *supra*, is undoubtedly based upon the broad doctrine, that when one person makes a promise for the benefit of a third person, the latter may maintain an action upon it. See section 758, Jones on Mortgages (5th ed.) ; *Burr v. Beers*, 24 N. Y. 178, 80 Am. Dec. 327; *Bay v. Williams*, 112 Ill. 91, 54 Am. Rep. 209, 1 N. E. 340; *Dean v. Walker*, 107 Ill. 540, 47 Am. Rep. 467. In *Gill v. Robertson*, 18 Colo. App. 313,

316, 71 Pac. 634, 635, it is said: "It is the law in this jurisdiction that the obligation which the grantee in a deed assumes, to pay an incumbrance upon the land, arises out of contract purely."

In the case at bar it is clearly established by the evidence that there was no contract to pay the trust deed, or the note secured thereby, made by and between the defendant and his grantors. There being no contract to that effect, there was no contract under which the plaintiffs, as mortgagees, could be beneficiaries, and no contract upon which they could sue. The defendant did nothing to mislead the plaintiffs, and his defense, that the assumption clause was inserted in the deed without his knowledge or consent, was contrary to his agreement with his grantors, and therefore good under the doctrine of the case of *Johnson v. Maier, supra.*

An assignment of error is predicated upon the trial court's sustaining defendant's demurrer to the plaintiffs' replication. In substance, the replication alleged that after the defendant accepted the deed he took charge and possession of the property, paid taxes thereon, and exercised acts of ownership over the same; that he offered the land for sale; that he sold the land; and that by such conduct the defendant is estopped to deny knowledge of the assumption clause, and is estopped to deny that he assumed and agreed to pay the indebtedness represented by the mortgage, and is estopped to deny that the assumption clause was inserted in the deed with his knowledge and consent.

As an estoppel relied on in avoidance of defendant's defense, the allegations of the replication were clearly insufficient. In this connection we can adopt the language of the opinion in the case of *C. F. & I. Co. v. Lenhart,* 6 Colo. App. 511, 516, 41 Pac. 834, 835, as follows:

"If there is an estoppel here at all, it is an estoppel by conduct. But conduct alone does not create an estoppel. If no rights have been affected by the conduct, there is no one in whose behalf the doctrine of estoppel can be invoked. To create the estoppel some other person must have changed his position on the faith of the conduct. * * * But

there can be no estoppel in favor of one who has not been misled, or to whom the assertion of the truth would do no injury."

The same language was approvingly quoted in *Ayer v. Younker*, 10 Colo. App. 27, 31, 50 Pac. 218, and the same doctrine was enunciated in *Loan & Trust Co. v. Canal Co.*, 3 Colo. App. 73, 32 Pac. 178.

As before stated, the plaintiffs were not misled to their injury. Neither the replication nor the evidence discloses that plaintiffs have changed their position on account of the conduct of the defendant, or that their rights have been affected. Furthermore, the conduct of defendant as pleaded, was not such conduct as would warrant the plaintiffs in assuming that defendant agreed to pay the trust deed and note.

No prejudicial error appearing in the record, the judgment of the District Court is affirmed.

Affirmed.

White, C. J., and Bailey, J., concur.