E. H. CARVER and Others v. S. C. BAGLEY.

February 7, 1900.

Nos. 11,850—(172).

### Logs—Lien under Laws 1876, c. 89.

Laws 1876, c. 89, amended by Laws 1897, c. 347, gives a lien to a contractor or subcontractor for labor or services performed in cutting, hauling, or banking logs.

### Foreclosure of Lien—Writ of Attachment.

In an action to foreclose a lien under such statute, it is not necessary that the writ of attachment issued therein should contain a description of the logs to be attached.

### Item Omitted from Lien Statement.

It is error for the trial court to include in the order for judgment in such an action an item of indebtedness not mentioned in the lien statement. The lien claimant is entitled to a foreclosure of his lien only to the extent of the indebtedness specified in the lien statement.

### Findings Sustained by Evidence.

Evidence considered, and *held* to sustain findings.

### Appeal—Review of Evidence and Findings.

It is not the duty of an appellate court to demonstrate by a review and discussion of the evidence returned on appeal the absolute correctness of the findings made by the trial court. Such appellate court will fully consider such evidence, but so far only as is necessary to determine beyond question that it reasonably tends to support the findings.

Action in the district court for Polk county to recover $3,952 for work and labor performed in cutting, hauling, and banking logs, and to foreclose a lien therefor. The case was tried before Watts, J., who found in favor of plaintiffs in the sum of $1,902.39. From an order denying a motion for a new trial, defendant appealed. Modified.

*H. Steenerson* and *W. E. Rowe*, for appellant.

*A. A. Miller*, for respondents.

BROWN, J.

This action is one to recover a balance claimed to be due plain-

tiffs for and on account of certain work and labor performed by them for defendant in cutting, hauling, and banking certain pine and spruce logs, and to have the same declared and adjudged a lien upon such logs, which plaintiff caused to be attached at the time of the commencement of the action, and for a foreclosure of the lien. The statutes providing for a lien in such cases were duly complied with by the plaintiffs. The complaint sets out all these facts, but with greater detail and certainty. The answer admits the main facts, and alleges matters in defense, and still other matters as counterclaims, and defendant asks and demands an affirmative judgment against plaintiffs. The action was tried by the court without a jury. Judgment was ordered for plaintiffs, and defendant appeals from an order denying his motion for a new trial. In this court defendant assigns thirty-one errors, but most of them refer to the question whether the findings of fact are sustained by the evidence, and whether they are sustained is the principal question in the case.

1. The evidence is not very voluminous, but it has taken several readings fully to understand its bearing, and correctly to apply it to the pleadings and issues presented. After a very careful consideration of such evidence, and all that appellant's counsel have said on the subject, we reach the conclusion that the findings must be sustained. The rule by which we are governed is the well-established one that, where there is any evidence reasonably tending to sustain the finding of a trial court, such finding must be sustained. It would serve no good purpose and it is unnecessary that we review the evidence. It is not the province or duty of an appellate court to prove or demonstrate by a discussion of the evidence returned on appeal the absolute correctness of the findings made by the trial court. It is the duty of such appellate court, of course, fully and fairly to consider such evidence, but so far only as is necessary to determine beyond question that it reasonably tends to support the findings; not that the trial court would not have been justified in making findings thereon in appellant's favor, but that the findings made are supported by evidence reasonably tending to establish the facts found. There is evidence of that character in this case.

2. Appellant contends that plaintiffs failed to identify sufficiently the logs attached as those upon which they performed the labor; that the lien statement is defective and insufficient; and that the writ of attachment is void, because it does not contain a description of the logs to be attached. No question was raised in the court below as to the identity of the logs, and it seems to have been taken for granted that the proper logs were attached. The evidence is sufficient on this subject. The lien statement sets out all the facts required by our statute, and is not open to the objections urged against it. Such objections are not of the variety or kind known as "substantial." The statutes do not require the writ of attachment to contain a description of the logs to be attached, and it was not necessary that it contain such description.

3. Appellant's contention that plaintiffs are not entitled to a lien under the statutes (G. S. 1894, § 2451, et seq.) as amended in 1897 (Laws 1897, c. 347) is not sound. Remedial statutes of the character of this one are entitled to a broad and liberal construction; such a construction as will give force and effect to the intention of the legislature. So construed, there can be no question but that plaintiffs, even though they were contractors or subcontractors, are entitled to a lien, and to all the benefits given by the law. The law as amended does not limit the lien to persons who perform "manual labor," but is extended to persons who perform "labor or services."

4. It is also contended by appellant that three distinct causes of action are set up in the complaint, founded upon three separate and distinct contracts, and that the logs cut and banked under one of such contracts cannot be held for the labor performed under either of the other contracts. We were at first impressed that there was something in this point, but reflection and a careful examination of the pleadings and evidence show that there is not. The complaint alleges the making of three agreements, but they were all made at about the same time, and constituted one transaction and one contract. But one cause of action is set up in the complaint, and there was no objection made thereto in the court below. Upon the whole record it seems clear to us that the transaction and

agreements amounted in substance to, and were intended and understood by the parties as, one contract.

5. By the eleventh finding of fact there is found due plaintiffs the sum of $150 for extra work. Such sum is included in the total amount found due plaintiffs, and judgment is ordered therefor, with interest since July, 1898. This item of indebtedness was not mentioned or included in the lien statement, and is not claimed in the complaint, and should not have been considered by the trial court. Plaintiffs have no lien therefor, because it is not mentioned in the lien statement, and cannot have judgment for its enforcement as a lien upon the logs. Counsel for respondent suggests that the damages awarded defendant for plaintiffs' breach of the contract more than offset this claim. But this is no answer to the objection. Plaintiffs were entitled to a judgment for the foreclosure of their lien to the extent of the amount due them for the work and labor specified in the lien statement, and nothing further. The court below included this nonlienable item in the total amount due plaintiffs, and then deducted defendant's damages. This was error. Defendant was entitled to have the damages resulting from plaintiffs' breach of contract applied in reduction of plaintiffs' lien, and not offset against some nonlienable item not involved in the issues as presented by the pleadings. That this item of $150 is included in the order for judgment is conclusively shown from the fact that the court below ordered the allowance of interest thereon.

We have examined all of defendant's assignments, and discover no error of sufficient importance to warrant a reversal of the order appealed from; but for the error in including in the judgment the item of $150 for which plaintiffs were not entitled to a lien the order for judgment must be modified.

The cause is therefore remanded to the court below, with directions to modify its conclusions of law to correspond with the views herein expressed. So ordered.