E. H. CARVER and Others v. CROOKSTON LUMBER COMPANY.[1]

June 28, 1901.

Nos. 12,638—(165).

## Conversion of Logs.

In an action for conversion of logs upon which the plaintiff had a lien, *held*: The evidence sustains the verdict, and the trial court committed no reversible errors in its rulings as to the admission of evidence, nor as to its instructions to the jury.

Action in the district court for Polk county to recover $2,094.88 damages, and interest, for the conversion of logs. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of plaintiffs for the sum demanded. From an order denying a motion for judgment in its favor notwithstanding the verdict, or for a new trial, defendant appealed. Affirmed.

*H. Steenerson* and *Charles Loring*, for appellant.

*A. A. Miller*, for respondents.

START, C. J.

This action is the sequel of the case of Carver v. Bagley, 79 Minn. 114, 81 N. W. 757, which was brought to enforce a lien upon certain logs for the balance claimed to be due for cutting and hauling them. The case is hereafter referred to as the "original action." Upon its being remanded to the district court of the county of Polk, judgment was entered therein on May 2, 1900, adjudging the plaintiffs to be entitled to recover from the defendant, Bagley, the sum of $2,094.88, and, further, that the same was a lien upon the logs upon which the labor was performed, and which were described in the plaintiff's lien statement and writ of attachment. Intervening the writ and the judgment, the logs came into the possession of the defendant in this case, the Crookston Lumber Company, and upon demand upon it for the logs by the sheriff holding the execution issued upon the judgment it refused to deliver them, for the reason that it had sawed them up.

[1] Reported in 86 N. W. 871.

Thereupon this action was brought against the Crookston Lumber Company for the conversion of the logs upon which the plaintiffs had a lien. Verdict for the plaintiffs for the amount of their lien, and the defendant appealed from an order denying its blended motion for judgment notwithstanding the verdict or for a new trial.

1. The first claim of the defendant is to the effect that the description of the logs upon which the plaintiffs claimed a lien as contained in their lien statement and writ of attachment was insufficient to identify them as the logs cut and hauled by them, hence the defendant had no notice of their rights. This same claim was urged by the defendant on the appeal in the original action, and was decided adversely to him. The defendant in this case, however, was not a party to the original action, and we have examined the record and the evidence in this case, and reached the conclusion that the description was sufficient and that the verdict is sustained by the evidence.

2. The logs in question were cut and banked in the Seventh lumber district, but, pursuant to the contract of the parties to the original action, and at the request of the Red River Lumber Company, the original owner of the logs, and the defendant's vendor, they were scaled by the deputy surveyor general of the Second district, and his scale bill was received in evidence over the defendant's objection. This ruling is assigned as error, for the reason, as claimed, that the scale was not made by the surveyor general of the district in which the logs were cut and banked, hence his scale bill was not prima facie evidence of the matters therein contained. Whether such would be the case in the absence of any agreement between the parties designating a surveyor general of another district to scale the logs, we need not determine. In view of the particular facts of this case, it was not error for the court to receive the scale bill in evidence. The defendant stands in the place of its vendor, and any evidence which would be competent as tending to establish a lien upon the logs as against such vendor was equally so as against the defendant, who, as we have stated, had notice of the lien.

3. The deputy sheriff who levied the writ of attachment in the

original action testified that he examined the logs in question in the booms of the defendant, and gave details as to the character and extent of such examination, and was then permitted, over the defendant's objection and exception, to state that he made an estimate of the logs, and that there were more there than he levied upon. This ruling is also assigned as error. There was no objection to the competency of the witness, and the evidence was material, and properly received, as tending to identify the logs in defendant's boom as those levied upon by virtue of the attachment. The sheriff did not take actual possession of the logs when he made the levy, and it was not necessary for him to have them officially scaled.

4. The defendant urges several other assignments of error relating to the rulings of the court in receiving or rejecting evidence as to its instruction to the jury and as to the refusal to instruct. We have examined the record with reference to each of these alleged errors and reached the conclusion that upon the whole record substantial justice has been done in this case, and no errors were committed on the trial for which a new trial ought to be awarded.

Order affirmed.