CHARLES K. SHAROOD v. W. B. JORDAN and Others.[1]

July 10, 1903.

Nos. 13,531—(182).

**Fraudulent Sale—Findings Supported by Evidence.**
Evidence examined, and *held* to sustain the findings of the trial court.

Appeal by plaintiff· from an order of the district court for Ramsey county, Kelly, J., denying a motion for a new trial.    Affirmed.

[1]Reported in 95 N. W. 1108.

*Humphrey Barton* and *John E. Samuelson,* for appellant.
*Davis, Kellogg & Severance* and *R. E. Olds,* for respondents.

BROWN, J.

Action to set aside a transfer of certain property, alleged to have been made to defraud creditors, in which defendants had judgment, and plaintiff appealed from an order denying a motion for a new trial.

The facts, briefly stated, are as follows: Tarbox, Schlick & Company, wholesale boot and shoe merchants at St. Paul, and the Union Shoe & Leather Company, a corporation located at Stillwater, but controlled and practically owned by Tarbox, Schlick & Company, became insolvent and unable to pay their debts. The two concerns had a large quantity of merchandise, which defendants Jordan desired to purchase; it being their intention to continue the business of the firm. Tarbox, Schlick & Company consulted with their creditors in reference to making a sale of the stock to the Jordans. The creditors consented, and after negotiations lasting for some time the sale was consummated, and the Jordans paid the sum of $124,000 for the property. The money was paid to a committee representing all the creditors, and the stock was delivered to the Jordans. Subsequently plaintiff was appointed trustee in bankruptcy for the firm of Tarbox, Schlick & Company, and brought this action to set aside the transfer to the Jordans as a fraud upon the creditors. The trial court found that the sale was made in good faith, and without any purpose to hinder or defraud creditors; and, if this finding is sustained by the evidence, it is conclusive against plaintiff's right to recover.

The theory of the action, as shown by the complaint, appears to be that at the time of the sale to the Jordans the defendant Tarbox secretly retained a one-third interest in the property, and was to have an interest to that extent in the new firm; and it was to reach that interest that this action was brought. But at the opening of the trial plaintiff shifted position, and claimed the right to recover the entire stock of goods turned over to the Jordans, on the ground that the sale was entered into by the Jordans and Tarbox and Schlick with intent to defraud creditors. Upon this theory the case went to trial. The only facts insisted upon by plaintiff as constituting fraud were (1) that Tarbox secretly retained the one-third interest in the firm at

the time of the sale to the Jordans; and (2) that Schlick was paid $2,000 by the Jordans for consenting to the sale.

On the theory upon which the case was tried, we are unable to understand how the plaintiff has any standing in court whatever. The sale of the goods to the Jordans was made through a committee representing all the creditors of Tarbox, Schlick & Company and the Union Shoe & Leather Company, and the purchase price was fixed by them, not upon the basis of the value of the goods, but, as we understand it, the amount paid represented thirty per cent. of the indebtedness of the two firms. The creditors knew the value of the goods at the time the sale was made, for an inventory was made and examined by them; and, besides, the full consideration of $124,000 was paid to them, and not to the copartnership, and they still retain the money. It seems reasonably clear that under such circumstances they cannot effect, through the trustee in bankruptcy, a cancellation of the contract as fraudulent, and recover the entire stock of goods transferred to the Jordans, without returning to them the consideration they received.

But whether this be so or not, the finding of the trial court to the effect that the sale was made without intent to hinder or defraud creditors is conclusive against plaintiff's right to recover, and upon this we place our decision. We have examined the record very thoroughly, and the very full and able briefs of counsel, and reach the conclusion that the findings of the court are not so clearly and palpably against the evidence as to warrant interference by this court. It would serve no good purpose to enter into a discussion of the evidence. It is quite voluminous. Nor are we required by a review of the evidence to demonstrate the correctness of the findings of the trial court. Carver v. Bagley, 79 Minn. 114, 81 N. W. 757. It is sufficient to say that we have examined it carefully, and find no reason for disturbing the conclusions of the trial court.

Order affirmed.