## *In re* Appeal of Union Tank Line Company.

*Opinion filed October 26, 1903.*

1. Taxes—*cars in transit through this State are not taxable here.* Cars of a foreign corporation, other than a railroad corporation, which are in transit through this State, and which are returned, when not in use, to the State where the corporation has its domicile, are not taxable in this State.

2. Same—*when credits of foreign corporation are not taxable in Illinois.* Credits of a foreign corporation payable at its home office and subject to taxation there are not taxable in Illinois.

Auditor's certificate of appeal from action of board of review of Cook county.

This is an appeal from the action of the board of review of Cook county under the provisions of section 35 of the Revenue law of 1898.

From the statement of facts submitted by the board of review it appears that appellant, by its agent, filed with the board of assessors of Cook county a schedule of personal property in Cook county subject to assessment therein, consisting only of office furniture estimated at a value of $150. Thereafter the board of assessors increased this valuation to $1000 and an assessed valuation of $200 and returned the same to the board of review, who, believing this assessment inadequate, notified appellant to appear before the board and show cause why its assessment should not be increased. Pursuant to the notice appellant, by its agent and its attorney, appeared, and they were interrogated by the president of the board as to the number of cars appellant owned and as to the

moneys and credits appellant had in Cook county on April 1, 1901. Appellant's representatives asserted that they could not give the desired information. Afterward the board of review, upon information obtained from other sources, found that appellant had in Cook county on April 1, 1901, one hundred and fifty or more cars, of a cash value of $500 each, and had moneys and credits and office furniture of a cash value of $125,000, all subject to assessment in Cook county, and accordingly found appellant's personal property to be of the value of $200,000 and entered an assessed value of $40,000 upon the assessment books.

On the date of the hearing before the board of review appellant filed with the board a written statement that appellant is a corporation organized and existing under the laws of the State of New Jersey; that its business is to own, maintain and operate a line of tank cars for the transfer of merchandise for other parties into and through the State of Illinois and into other States; that it has no place of business nor any property in Cook county except some office furniture in an office in Chicago which is used by one agent, whose business is to trace or locate cars which are sent into or through the State of Illinois and prevent such cars being delayed, and such other clerical work as he may be directed to do from appellant's principal office; that its cars had no situs, in law, in the State of Illinois; that the cars are not allowed to remain within the State of Illinois longer than is necessary for them to be passed through the State, or, if shipped to points within the State, longer than is necessary for them to be unloaded and returned to such other places in other States as they may be needed, to be loaded with merchandise; that the cars are used only in transit into and through the State of Illinois, and are instruments of inter-State commerce only, and this State has no jurisdiction to impose any tax upon them. Subsequently appellant filed with the board of review a pe-

tition to set aside the increased assessment, and also a series of objections to the increase, stating substantially the same reasons as appear in appellant's first written statement.  No relief being granted by the board of review, appellant prayed an appeal to the Auditor of Public Accounts for presentment to this court, which appeal is now before us on the statement of facts submitted to the board of review.

ALFRED D. EDDY, and JAMES A. FULLENWIDER, for Union Tank Line Company.

H. J. HAMLIN, Attorney General, EDWIN W. SIMS, County Attorney, and FRANK L. SHEPARD, for the board of review.

Per CURIAM: We think it sufficiently appears from the statement of facts submitted by the board of review to this court that the assessment of $40,000 upon the property of appellant was made upon its one hundred and fifty tank cars, valued at $500 each, and money and credits of the value of $125,000, and that it was claimed by the company that such cars were merely in transit temporarily, if at all, in the city of Chicago on the first day of April, 1901, and therefore not subject to taxation in this State, and also that the moneys and credits due the company were payable at its home office in New Jersey, and therefore likewise exempt from taxation in Illinois.

On the question of the exemption from taxation by one State of cars owned by a corporation (not a railroad corporation) having its domicile in another State, the Supreme Court of Missouri, in the well considered case of *State ex rel.* v. *Stephens*, 146 Mo. 662, where the authorities are fully cited, held adversely to the taxing power. The language used is as follows: "The relator is a corporation organized under the laws of the State of New Jersey, and is engaged at Kansas City, Missouri, in the

general packing business,—that is, in killing and dressing food animals and in selling the meats thereof. It owns a number of refrigerator cars, in which it ships its goods to various counties in this State and to other States in the Union. Its cars are hauled by various railroads. It appears from the petition that the relator's place of business is in Kansas City, in the State of Kansas, and that the cars here taxed are attached to its business as an incident thereto, and are loaded in the State of Kansas and shipped into and through the State of Missouri. These allegations are not denied by the return, and hence they must be taken as true in this case. Under the circumstances, the relator, though a foreign corporation as to the State of Kansas, has acquired a domicile in that State, and the cars can only be taxed in that State. (*Comstock* v. *Grand Rapids*, 20 N. W. Rep. 624; *City of Dubuque* v. *Illinois Central Railroad Co.* 39 Iowa, 83; *British Commercial Life Ins. Co.* v. *Commissioner of Taxes*, 31 N. Y. 32; *Fargo* v. *Michigan*, 121 U. S. 230; *Pullman Palace Car Co.* v. *Pennsylvania*, 141 id. 18; *Railway Co.* v. *Backus*, 151 id. 439; *Cable Co.* v. *Adams*, 155 id. 688; *Adams Express Co.* v. *Kentucky*, 166 id. 171; *Hall* v. *Transit Co.* 51 Pac. Rep. 421.) The reason of the rule is, that the cars could not be reached for assessment and taxation anywhere else, and the company owes this just return to the State of Kansas for the protection it receives from it. The cars are in the State of Missouri only *in transitu* and have no situs in this State, hence they are not subject to assessment or taxation in this State. (*Fargo* v. *Michigan*, 121 U. S. 230; *California* v. *Northern Railway Co.* 127 id. 1; *Reading Railway Co.* v. *Pennsylvania*, 15 Wall. 232; *People* v. *Wemple*, 138 N. Y. 1; 2 Dillon on Mun. Corp. secs. 787, 788.) Being in Missouri only in transit, for the purpose of bringing merchandise from another State into or through this State, they are instruments of inter-State commerce, and this State cannot impose any tax on them. (*Telegraph Co.* v. *Texas*, 105 U. S. 460; *Leloup* v. *Port of Mobile*, 127

id. 640; *Pickard* v. *Car Co.* 117 id. 34; *Gloucester Ferry Co.* v. *Pennsylvania*, 114 id. 196; *Reading Railway Co.* v. *Pennsylvania*, 15 Wall. 232; *Pullman Palace Car Co.* v. *Pennsylvania*, 141 U. S. 18; *Express Co.* v. *Seibert*, 142 id. 339.) Being instruments of inter-State commerce, Congress alone has jurisdiction over them under section 8, article 1, constitution of United States. Except as above indicated, the cars can be taxed as property by the State in which the company has acquired a domicile and the cars have a situs."

The facts in the case above quoted from are quite similar to those in the case at bar. Appellant's principal office is in New Jersey. Its cars, when not in use, are returned to that State. All its business affairs are regulated and managed from that office, except the mere matter of tracing the cars and some minor details. Bills due it are payable at that office, and, in fact, its domicile is in the State of New Jersey. Its personal property has its situs there and is there subject to taxation by that State in return for the protection afforded by that State to the company. The taxation of appellant's cars in this State would be an unwarranted interference with inter-State commerce, over which Congress has exclusive control. In fact, it is not contended, but is substantially admitted, that cars of a foreign corporation (not a railroad corporation) in transit through this State are not subject to taxation here. That appellant's credits, which it is not disputed were payable at its home office in New Jersey, are not subject to assessment here, is settled by the case of *Scripps* v. *Board of Review*, 183 Ill. 278, and cases cited.

For the reasons indicated the action of the board of review is disapproved, and appellant's assessment, except as to the $1000 assessment made by the board of assessors, is held void. *Action disapproved.*