### STATE v. UNION TANK LINE COMPANY.[1]

March 10, 1905.

Nos. 14,105—(24).

**Foreign Corporation—Tax on Personal Property.**

> Proceedings for the enforcement of personal property taxes assessed against the defendant upon thirty three railroad tank cars owned by it, which were within the county of Ramsey on May 1, 1902.
>
> The trial court found that the defendant is a nonresident corporation; that it had no agent, office, or place of business within this state at any time; that the cars, at the time they were assessed, were engaged in and were mere instruments of interstate commerce, and were in the actual transit, and only temporarily within this state, and were not detained longer than was necessary for unloading and transferring them.
>
> *Held*, the findings of fact are sustained by the evidence, and, upon the facts found, that the cars were not taxable in this state.

In proceedings in the district court for Ramsey county to enforce payment of personal property taxes delinquent for the year 1902, defendant Union Tank Line Company interposed an answer alleging that it was a foreign corporation having no officer or agent in Minnesota

1 Reported in 102 N. W. 721.

and that on May 1, 1902, the personal property on which the tax sought to be collected was levied was only temporarily within the state and that the same was not taxable. The case was tried before Olin B. Lewis, J., who found in favor of defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Thos. R. Kane* and *O. H. O'Neill,* for the State.

On May 1, 1902, the cars were not in transit for points beyond St. Paul. There is no evidence that on May 1 they were billed or bound for any point outside of Minnesota, or that they were ever shipped out of this state. The mere fact that on May 1 there was a possibility or even a probability that these cars would be shipped out of the state did not prevent them from acquiring a situs here for the purpose of taxation. State v. Wm. Deering & Co., 56 Minn. 24. The cars in question were not in transit, but were stored in St. Paul for an indefinite period, and were so in storage May 1, 1902, and therefore procured a situs in this state for the purpose of taxation. McCutchen v. Rice County, 2 McCrary, 337; State v. Eastabrook, 3 Nev. 173; Waggoner v. Whaley, 21 Tex. Civ. App. 1.

The defendant constantly had its cars in use in the state of Minnesota, and is therefore liable for taxes upon the average number in use during the year. American Refrigerator Transit Co. v. Hall, 174 U. S. 70. The state has the right to tax these specific cars which at a given moment were within its borders. G. S. 1894, § 1508; Pullman Palace Car Co. v. Pennsylvania, 141 U. S. 18; Adams Express Co. v. Ohio, 166 U. S. 185.

Personalty is ordinarily taxable where found. Union Refrigerator Transit Co. v. Lynch, 177 U. S. 149; American v. Adams, 28 Colo. 119. There is no merit in the claim that the cars are instruments of interstate commerce, and therefore exempt from taxation. State v. Canda Cattle Car Co., 85 Minn. 457.

*Stringer & Seymour,* for respondent.

Defendant has no domicile, or place of business, or agent in Minnesota; neither has it done any business in this state. Therefore it cannot be taxed under the law in force May 1, 1902, upon its property

having no "business situs" within this state. 1 Cooley, Taxn. 15, et seq. 270; Tappan v. Merchants' Nat. Bank, 19 Wall. 490; Goldgart v. People, 106 Ill. 25, 29; People v. Davis, 112 Ill. 272, 281.

Railway cars can be taxed only in that state where the owner has acquired a domicile. State v. Stephens, 146 Mo. 662; 2 Dillon, Mun. Corp. §§ 787, 788; City v. Illinois, 39 Iowa, 56; People v. Wemple, 138 N. Y. 1; British v. Commissioners, 31 N. Y. 32; Fargo v. Michigan, 121 U. S. 230; Dutton v. Board, 188 Ill. 386; Cooley, Const. Lim. (6th Ed.) 615. The tank cars of respondent, not being connected with any business in this state, and coming into the state for the purpose only of unloading or discharging their cargoes, or to pass through this state and into other states, have no situs in this state for the purpose of taxation. State v. Stephens, supra; Pickard v. Pullman Southern Car Co., 117 U. S. 34; Gloucester Ferry Co. v. Pennsylvania, 114 U. S. 196, 211; Irwin v. New Orleans, 94 Ill. 105, 109; Fargo v. Michigan, 121 U. S. 230; People v. Wemple, supra; In re Union Tank Line Co., 204 Ill. 347; Kelley v. Rhoads, 188 U. S. 1.

Such cars, having no business situs within the state, are instruments of interstate commerce, and Congress alone has jurisdiction over them. To tax such cars is to regulate or interfere with interstate commerce. Section 8, article 1 (U. S.) Const.; Le Loup v. Port of Mobile, 127 U. S. 640; State v. Stephens, supra; Kelley v. Rhoads, supra; 17 Am. & Eng. Enc. (2d Ed.) 117, and notes 5 and 6.

At the time this assessment was made there was no law of this state authorizing the assessment of transient cars, such as the tank cars of this defendant. The cars did not belong to a railroad company of this state and chapter 160, Laws 1897, was unconstitutional. State v. Canda Cattle Car Co., 85 Minn. 458.

To have a situs that will warrant the assessment of personal property, such property must be permanently located in the state. Personal property that is simply passing through the state or is in the state for temporary purposes only, is not subject to assessment. 17 Am. & Eng. Enc. (2d Ed.) 115, and note 6; also 117, notes 5 and 6; State v. Scottish-American Mortgage Co., 76 Minn. 155; City of St. Paul v. Merritt, 7 Minn. 195 (258); Irwin v. New Orleans, supra; Hays v. Pacific Mail S. S. Co., 17 How. 596; People v. Pacific, 58 N. Y. 242; Reading R. Co. v. Pennsylvania, 15 Wall. 232; State v. Carrigan, 39

N. J. L. 35; City v. Kansas City, 45 Iowa, 338; Kelley v. Rhoads, supra.

START, C. J.

This is a proceeding for the enforcement of personal property taxes for the year 1902, assessed against the defendant for personal property owned by it which was within the county of Ramsey on May 1, 1902. The defendant by its answer interposed objections to the taxes, alleging that it is a corporation organized and created by and under the laws of the state of New Jersey, having its principal place of business therein, and that the only personal property it had in the county of Ramsey on May 1, 1902, was thirty three railroad tank cars, which were then engaged in interstate commerce and in transit through the state of Minnesota. It was admitted by the state that the property assessed, and upon which the taxes were based, were thirty three railroad tank cars.

The trial court found, in effect, with other facts not here material, the following:

1. The defendant is a corporation having its domicile at Bayonne, New Jersey, and existing under the laws of that state, and is a resident and taxpayer thereof. The business of the defendant is the building, purchasing, and owning of railroad tank cars, and the letting of the same for hire to railroad companies and others, as vehicles for the transportation of liquid commodities, to points on railroads in the United States. Such cars are not leased for regular periods, routes, or trips, but are leased irregularly, as they may be applied for upon requisition to the New York office, and are not the property of any railroad company.

2. The Union Tank Line Company had no agent, office, or place of business within the state of Minnesota on May 1, 1902, or at any other time.

3. In March, 1902, the cars which are the subject of this proceeding were loaded with oil at Whiting, Indiana, and shipped and consigned as follows: Seven to Portland, Oregon; fourteen to points in the state of Washington; one to Butte, Montana; four to Winnipeg, in the province of Manitoba;

seven to St. Paul, Minnesota. In due course of time the cars reached their respective destinations, and, having been unloaded, started back as empties on their return.

4. The seven cars loaded and billed from Whiting, Indiana, to St. Paul, Minnesota, were used for the purpose of bringing merchandise into the state of Minnesota, and did not remain here longer than necessary to be unloaded and returned in the usual course of business and of railroading. All the cars, at the time they were assessed, were engaged in and were instruments of interstate commerce, and while in St. Paul were actually in transit, and were temporarily within the state of Minnesota, and were not detained for use or in use in this state except as herein stated, and were not detained in St. Paul longer than was reasonably necessary for the purposes of unloading and transferring under the existing conditions and transferring facilities.

5. Save as hereinbefore stated, the defendant, on May 1, 1902, did not have or own any property within this state, and was not engaged in the transaction of any business therein.

The court found as a conclusion of law that the cars were not subject to taxation in this state at the time they were assessed, and that judgment be entered dismissing the proceedings. Judgment was so entered, from which the plaintiff appealed.

The state challenges the fourth subdivision of the trial court's findings of fact as not sustained by the evidence. It is true, as claimed, that the burden was upon the defendant to establish affirmatively the illegality of the assessment and tax here in question. Laws 1902, p. 38, c. 2, § 74; Dunnell, Minn. Tax Laws, § 336. It is urged on behalf of the state with earnestness and candor that the finding that the cars in question, while in St. Paul—that is, in the county of Ramsey—were actually in transit and only temporarily within the state, and were not detained for use in the state longer than was reasonably necessary for the purpose of unloading and transferring them, is unsupported by any evidence tending to prove the fact.

This question whether the finding is supported by the evidence must be determined by the rules applicable to ordinary civil actions. It is not permissible, because this is a tax case, and equitably the defendant

ought to pay a tax for the protection of its property which it receives from the state, to disregard settled rules of law. Therefore, in this as in other cases the question is whether the evidence reasonably tends to support the findings of fact as made. Carver v. Bagley, 79 Minn. 114, 81 N. W. 757. We have attentively considered the evidence, and find that, considered as a whole, it supports the findings in question. Certain ultimate facts found by the court, which counsel for the state claims are based upon unwarranted assumptions, are fair inferences from evidentiary facts which were proven.

This brings us to the only other question in the case, namely, do the facts found by the trial court support the conclusions of law? The fact that the cars were the personal property of a nonresident is no reason why they should not be assessed for taxation in this state if they were not within the state for merely temporary purposes, for the situs of personal property is not necessarily the domicile of its owner. In re Jefferson, 35 Minn. 215, 28 N. W. 256. Nor does the fact that they were engaged in the business of interstate commerce exempt them from taxation. State v. Canda Cattle Car Co., 85 Minn. 457, 89 N. W. 66. But if they were within the state at the time of the attempted assessment only temporarily, and were not brought into the state or detained therein for use for an indefinite time, they were not taxable therein under any law of this state in force at that time, for in such case they would have no situs therein. In re Jefferson, supra; State v. Deering, 56 Minn. 24, 57 N. W. 313; State v. Scottish-American Mortgage Co., 76 Minn. 155, 78 N. W. 962, 1117; State v. Franklin Sugar Refining Co., 79 Minn. 127, 81 N. W. 752; In re Union Tank Line Co., 204 Ill. 347, 68 N. E. 504. The facts found by the trial court bring this case clearly within the rule, and its conclusions of law that the cars were not subject to taxation at the time they were assessed follow as a necessary legal conclusion from the facts found. Inasmuch as the controlling factors in the decision of this case are the facts found by the court, it is inexpedient to discuss and decide other interesting and far-reaching questions discussed in the briefs of counsel.

It is urged by the state that there is no finding that the number of cars assessed was greater than the average number habitually in or passing through the state; that the state had the right to assess for

taxation such average number; hence the facts found do not sustain the conclusions of law. In this connection the case of American Refrigerator Transit Co. v. Hall, 174 U. S. 70, 19 Sup. Ct. 599, is cited and relied upon. The case cited was based upon a statute of the state of Colorado. The statute in effect authorized the State Board of Equalization to ascertain the average number of cars or other items of personal property, which were constantly changing, habitually used and employed by a corporation within the state during the period for which they were assessed, and to fix the value of such average as a basis for the taxation of the corporation. The court sustained the statute and the assessment. The decision is an interesting and important one on the subject of the taxation of the cars of corporations of the class to which the defendant belongs. But it is not relevant to the case at bar, for the obvious reason that we have no statute similar to the one involved in that case. Again, the assessment here in question was not made by a state board for the entire state, but by the assessor of a local assessment district upon specific cars passing through or temporarily within the county of Ramsey.

It follows that the assessment of the cars in question was void, and that the judgment must be affirmed. So ordered.

Judgment affirmed.