MAY A. COOK v. KOOCHICHING COMPANY and Another.[1]

December 14, 1906.

Nos. 14,995—(101).

**Partition—Findings.**

In an action for the partition of land it is *held*, that the findings of the trial court are sustained by the evidence.

Action in the district court for Itasca county for the partition of certain land. The case was tried before Spooner, J., who found in favor of defendants. From an order denying a motion to amend the findings of fact and conclusion of law or to grant a new trial, plaintiff appealed. Affirmed.

*S. F. White,* for appellant.

*C. J. Rockwood* and *D. A. Fiske,* for respondents.

BROWN, J.

Action for the partition of certain land in which defendant had judgment, and plaintiff appealed from an order denying a new trial.

------

[1] Reported in 109 N. W. 1120.

The facts are as follows: Angie Smith, the owner of certain tracts or parcels of land in Itasca county, including that which plaintiff in this action now claims to own, died in June, 1898, leaving a number of brothers and sisters as her sole heirs. Her estate was probated, and the land in question sold under an order of the probate court for the purpose of paying the debts. One Elizabeth Manston became purchaser at the probate sale, and the administrator executed a deed purporting to convey the land to her. There appears to have been some fraud connected with the administration of the estate, and it was subsequently found, on investigation, that the probate proceedings were invalid, and that no title to the land passed to Mrs. Manston by the administrator's deed. A conspiracy existed between James Smith, brother of deceased, who was appointed administrator, Moses Manston, Eugene A. Arnold, and one Leeman, the object of which was to acquire title to the land to the exclusion of the rightful heirs, and the probate proceedings were conducted for the accomplishment of that end. It was agreed between them that the land should be sold to Mrs. Manston, and that she should thereafter convey an undivided interest to each conspirator. Arnold's interest was to be one-fourth. Pursuant to this understanding, Mrs. Manston, her husband joining, subsequent to the probate sale, conveyed by separate warranty deeds an undivided interest to the several parties —one-fourth to Arnold—and a properly executed deed of conveyance was delivered to him. As stated, the probate proceedings were void, and it became necessary, in order to validate the Manston title, to obtain deeds from all the heirs of Mrs. Smith. This was accomplished, and to assist in procuring them, plaintiff in this action paid Arnold the sum of $250, under the agreement and understanding, as she claims, that the title to the land was to be conveyed to her.

The trial court found that the deed from Mrs. Manston and husband contained, when executed and acknowledged by them, the name of Arnold as grantee; further, that before the same was recorded, Arnold erased his own name and inserted that of plaintiff, May A. Cook. The court further found that, in order to assist in this transaction, and to enable Arnold to obtain title to the one-fourth interest in question, plaintiff paid him in all the sum of $300—$50 to obtain the conveyance from Mrs. Manston, the purchaser at the administrator's sale, and $250 to obtain the deeds from the heirs—but that there was no understand-

ing or agreement between plaintiff and Arnold that the purchase should be for her benefit, or that she should have any interest whatever in the land; and, further, that Arnold erased his own name as grantee in the deed from the Manstons and inserted the name of plaintiff for the purpose of concealing his ownership of the land and to defraud his creditors. Subsequent to the recording of the deed, defendant Nicoll, who held a judgment against Arnold duly rendered in the district court of Hennepin county, filed and docketed a transcript of the judgment in Itasca county, and caused Arnold's interest in the land to be levied upon and sold under execution.

The controversy in the action is between plaintiff, claiming to be the true grantee in the deed from the Manstons, and defendants, claiming under the execution sale against Arnold.

Practically the only question presented for our consideration is whether the findings of the trial court are sustained by the evidence. We have fully considered the record and reach the conclusion that they are sustained. We are not required to demonstrate the correctness of the findings by a discussion of the evidence. Carver v. Bagley, 79 Minn. 114, 81 N. W. 757. It is sufficient that we have read carefully the record and find therein competent evidence reasonably tending to support the findings.

The evidence is flatly contradictory—the witnesses on behalf of plaintiff testifying explicitly that the deed under which she claims originally contained her name as grantee and that no change or alteration was ever made therein; on the other hand, the witnesses on behalf of defendant testify as distinctly that the deed, as originally executed, contained the name of Arnold as grantee, and that the name of plaintiff was inserted therein subsequent to its delivery to Arnold. This state of the evidence made the question one for the trial court to determine. The deed was not produced at the trial, and the question whether it had been changed or altered as to the grantee could be determined only from the evidence just referred to. The plaintiff's witnesses were before the trial court, their demeanor and apparent truthfulness open to observation, a condition not afforded this court.

The principal contention of plaintiff is that she furnished the money to Arnold under an agreement and understanding that he should purchase the land for her, as her agent, and that no title ever passed to

him, even if the deed originally contained his name as grantee. This claim is disposed of by the refusal of the court below to so find as a fact. The question whether the court erred in refusing to so find must be determined by the general rule which guides us in determining whether findings actually made are sustained by the evidence. Unless the refusal be clearly and palpably against the evidence, we cannot interfere. A careful examination of the record and full consideration of all the facts and circumstances surrounding the transaction, the relationship of the parties here before the court, and their conduct in reference to the deed after its execution, together with such inferences as might reasonably be drawn therefrom, leads to a conclusion adverse to appellant's contention that the evidence in her favor upon this branch of the case is uncontradicted. She is the stepdaughter of Arnold, and the court might well have concluded that Arnold made use of her name for the purpose stated in the findings, viz., to conceal his ownership of the property.

Order affirmed.