## HERMAN F. CHRISTIANS v. WILLIAM CHRISTIANS.[1]

June 11, 1909.

Nos. 16,123—(164).

**Finding of Fact — Evidence.**

Upon an appeal from the judgment, it is *held* that a certain finding of fact made by the trial court is sustained by the evidence.

Appeal by the guardian of Herman F. Christians from a judgment of the district court for Mower county, entered pursuant to the order of Kingsley, J., affirming an order of the probate court of that county, which deducted $1,395.31 from the distributive share of Herman F. Christians coming to him from the estate of his father, F. W. Christians. Affirmed.

*Fred Doering,* for appellant.

*F. W. Greenman,* for respondent.

ELLIOTT, J.

F. W. Christians died July 31, 1906. In proceedings thereafter had in due course, William Christians, the respondent herein, was ap-

[1] Reported in 121 N. W. 633.

pointed administrator of the estate. Among the apparent assets of the estate was a promissory note given by the appellant, Herman F. Christians, a son of the deceased, dated November 7, 1898. This note drew interest at the rate of four per cent. per annum, and there was indorsed thereon, under a date of May 3, 1904, a payment of interest to that date, and also the sum of $50 on the principal. The administrator included this note in his final accounting of the estate for distribution. The appellant, through his guardian, objected to the deduction of the amount of the note from his share of the estate, on the ground that before the death of his father the note had been satisfied by the delivery of a deed to a certain piece of real estate. It was also claimed on behalf of the appellant that at the time of the transactions in question Herman F. Christians was mentally incompetent and unable to understand the nature of the transactions. The probate court, after a hearing, found that the note had not been paid, and that it should be deducted from Herman F. Christians's portion of the estate. On appeal to the district court the matter was retried, and the decree of the probate court in all things confirmed.

In its findings of fact the district court found as follows: "That on the 7th day of November, 1898, the said Herman F. Christians, by the name of H. F. Christians, made, executed, and delivered to the said F. W. Christians his promissory note in writing, whereby and wherein he promised to pay to the said F. W. Christians, two years after date thereof, the sum of $1,300, with interest at four per cent. per annum until paid, and the said Herman F. Christians, at the time of the execution and delivery of said note, had and received from the said F. W. Christians for his use and benefit the full sum of $1,300. That no part of said $1,300 has ever been paid, or the interest thereon, except on the 3d day of May, 1904, said Herman F. Christians paid thereon interest in full to said date, and. $50 of the principal, leaving the amount of the indebtedness of the said Herman F. Christians on said date to said F. W. Christians the sum of $1,250, no part of which has ever been paid." Upon the findings and conclusions of law, judgment was duly entered, and from that judgment Herman F. Christians appealed to this court.

The case presents simply one question of fact, and that is whether or not this finding of the trial court is sustained by the evidence. The

question of the mental competency of Herman F. Christians is not before us. The trial court was not asked to find upon that issue, and therefore its failure to do so cannot be assigned as error in this court. The question of the competency of the appellant was not the sole question involved and the matter is therefore not controlled by Swick v. Sheridan, 107 Minn. 130, 119 N. W. 791. The fact that the note in question was in the possession of the deceased at the time of his death made it prima facie a part of his estate, and the burden was upon the appellant to prove that the note had been paid. It was said, in a recent case, whether the appellant "sustained this burden was a question of fact to be determined by the trial judge, and his finding thereon is conclusive on appeal, if there is any evidence reasonably tending to support it." Lloyd v. Simons, 97 Minn. 315, 321, 105 N. W. 902; State v. Union Tank Line Co., 94 Minn. 320, 325, 102 N. W. 721; Carver v. Bagley, 79 Minn. 114, 81 N. W. 757; Prahl v. County of Brown, 104 Minn. 227, 228, 16 N. W. 483.

We need not review the evidence in detail, because we are satisfied that the appellant has not shown that the trial court erred in making the finding of fact in question. The note for $1,300 was given on November 7, 1898. On May 3, 1904, Herman F. Christians deeded a certain farm to his father. Upon that farm there was a mortgage of $1,000. At the time of the transfer, the father gave to his son $100 in cash, released a mortgage of $250 on certain other property, indorsed $50 on the principal of the note, and $286 as interest on the $1,300 note in question. He had previously acquired the mortgage for $1,000 which was upon the land, and there was due thereon the sum of $29.12 as interest. He thus paid for the land the sum of $1,-715.12, or, if we exclude the $250, which should probably be done, he paid the sum of $1,465.12. Very shortly thereafter he sold the land for $1,500, so that it is fair to presume that he paid a reasonable price therefor. The appellant's contention is that when the land was transferred the note for $1,300 was also paid. The note, however, remained in the hands of the father, and certain indorsements were made on it at the time. A reasonable inference is that the note was not paid by the transfer of the land. At least the trial court was justified in coming to that conclusion.

The judgment appealed from is therefore affirmed.