## WILLIAM McMULLEN v. A. P. HEANEY and Others.[1]

February 3, 1911.

Nos. 16,788—(57).

**Cancellation of contract — evidence — fraud.**

Evidence and record considered, in this an action to cancel a contract on the ground that the plaintiff was induced to make it by fraudulent representations, and *held*, that there is sufficient evidence to sustain the finding of the trial judge that no misrepresentation was made, and that there was no error in excluding certain evidence offered.

[1]Reported in 129 N. W. 764.

Action in the district court for Hennepin county to have a certain note declared cancelled and void; in case the note could not be delivered up and cancelled that plaintiff recover $1,375; that in the event it be delivered plaintiff have judgment for $625; and that the contract between plaintiff and defendants Murphy and Gleason with defendants Heaney be cancelled. The facts are stated in the opinion. The case was tried before Booth, J., who made findings of fact and as conclusion of law ordered judgment in favor of defendants Heaney and Miller. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*M. C. Brady,* for appellant.

*J. M. Freeman,* and *Lind, Ueland & Jerome,* for respondents.

SIMPSON, J.

The appellant, with others, bought from Heaney & Co., on terms set out in a written contract, the right to sell the Harrison wagon scale in a part of the state of Wisconsin for the term of two years, and appellant, at the time of the purchase, as his proportionate part of the purchase price, paid Heaney & Co. $625 and gave his note for $750. Thereafter appellant brought this action to obtain the cancellation of the contract of purchase, and the return of his note. and repayment of the money paid by him on the purchase price, alleging as ground for such relief that he was induced to make said purchase by the fraudulent representations of the vendors. The case was tried by the court without a jury, and a decision rendered adverse to the plaintiff, the appellant here. From an order denying a new trial, he appeals to this court.

The various errors assigned question: (1) The finding of the trial court that no fraudulent representations concerning the scale were made at the time of the purchase; (2) certain rulings excluding testimony offered by the plaintiff upon the trial.

1. An examination of the record discloses that testimony was submitted tending to establish the making of false representations by the vendors to the plaintiff; but there was a conflict in the evidence bearing upon this question. The issue raised thereby was determined by the trial judge adversely to the plaintiff. That finding is

sustained by the evidence in the case. Sharood v. Jordan, 90 Minn. 249, 95 N. W. 1108.

2. Upon the trial, the plaintiff relied, in part, to sustain his claim of fraud, upon a claimed misrepresentation made to him that the scale could be attached to any farm wagon. The plaintiff, in accordance with this claim, proceeded to prove the representation made, that it was false, and that the plaintiff relied on it. Upon the plaintiff's testimony as to the representation made, the trial judge determined, as shown by his statements and rulings during the trial, together with his findings of fact and memorandum filed, that the representation.in fact made was entirely different from the representation which plaintiff claimed was made. This determination rendered immaterial evidence tending to show that the claimed representation was false, and that the plaintiff believed it, and there was no error in the.rulings complained of excluding such evidence.

There appearing to be no prejudicial error in the record, and there being evidence to sustain the findings and conclusion of the trial court, the order appealed from is affirmed.

JAGGARD, J., being absent, took no part.