## JOHNSON-VAN SANT COMPANY v. MARTIN MARTENS.[1]

February 17, 1911.

Nos. 16,889—(196).

**Cancellation of contract — fraud — evidence.**

> The evidence in this, an action to cancel and annul an executory contract claimed to have been procured by fraud, sustains the findings of the trial court.

Action in the district court for Hennepin county to rescind a certain contract and discharge the same of record; that defendant be perpetually enjoined from bringing suit thereon against plaintiff, either for specific performance or otherwise, either in the courts of Minnesota or North Dakota, and that defendant account to and reimburse plaintiff for the expenditures made and incurred, and damages suffered, in the sum of $10,450. The facts are briefly stated in the opinion. The answer admitted the execution of the contract, but denied that E. P. Raymond acted as defendant's agent. The case was tried before Dickinson, J., who made findings of fact and as conclusion of law ordered that the contract be cancelled. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*A. B. Jackson* and *J. W. Gilger,* for appellant.

*H. E. Fryberger* and *Robert Jamison,* for respondent.

[1] Reported in 129 N. W. 859.

SIMPSON, J.

The plaintiff owned two farms in North Dakota, and one of the officers of plaintiff owned three other farms in that state. The defendant owned nine hundred acres of land in Mississippi, twelve hundred eighty acres of land in Dunn county, North Dakota, and a mortgage on a half section of land in Monona county, Iowa. September 9, 1909, plaintiff and defendant entered into a written contract for the exchange of properties, the five farms owned by plaintiff and its officer for the said lands and mortgage of the defendant. Before conveyances were made pursuant to the contract, the plaintiff notified the defendant that it would not carry out the contract, and brought this action to cancel and annul the same. The claim of the plaintiff is that it was induced to enter into the contract by false and fraudulent representations made by and on behalf of the defendant concerning the character and value of defendant's said properties, and that the actual aggregate value of the defendant's properties is greatly less than if said properties were as represented, and greatly less than the aggregate value of the said properties by plaintiff agreed to be exchanged therefor, and that a false and fraudulent representation was also made as to the title of the defendant to the Mississippi land. The trial of the case lasted several weeks. The testimony heard, as printed and returned to this court, covers approximately fifteen hundred pages.

The trial court, in detailed findings, found the facts substantially as claimed by the plaintiff, as stated, except as to the fraudulent representations of title to the Mississippi land, and ordered judgment canceling and annulling the contract, and for additional minor relief. From an order denying a new trial, made after refusal to modify the findings as requested by the defendant and to grant the defendant's motion for judgment, the defendant appealed, and by numerous assignments of error questions the sufficiency of the evidence to sustain each of the findings going to the fraud in the making of the contract.

The evidence bearing on each of these findings is conflicting. As to two questions, whether plaintiff entered into the contract through or in reliance on the representations made by Raymond, and whether

Raymond was defendant's authorized agent in carrying on the negotiations with plaintiff, the evidence submitted by the plaintiff, is far from conclusive, and the evidence relied on by the defendant tends strongly to establish a negative answer. But by the record a case is not made of the absence of evidence to sustain the findings on these questions, nor of a clear preponderance of evidence opposed to the findings. On these two questions, as well as the others involved, there is, in the record, much evidence tending directly to sustain the conclusion arrived at by the trial court. Finding the facts under the evidence involved weighing the testimony of the different witnesses, and, in case of conflict, determining what testimony was true. In such case, unless the finding appears to be against a clear preponderance of the testimony, it will not be disturbed on appeal. We have carefully examined the entire record, in connection with the briefs and arguments of counsel, and conclude that the findings of the trial court are sustained by the evidence. Having so concluded, it is not the province of this court to prove or demonstrate, by a discussion of the evidence returned on appeal, the correctness of the findings made by the trial judge. Carver v. Bagley, 79 Minn. 114, 81 N. W. 757. To do so in this case would serve no useful purpose.

As to the claim that fraudulent representations were made concerning defendant's title to the Mississippi land, it is not supported by the findings. Representations were made that the defendant had good title to such land. All the evidence tends to show that the title of defendant was good under the law of the state of Mississippi. The local law determines whether the title to land is good. By the contract in question, however, the defendant agreed to convey this land "by a good and sufficient warranty deed and an abstract showing good and merchantable title, free and clear of all incumbrance whatsoever." By this language the parties evidently intended that the title conveyed should be a good title shown by the records of titles. The trial court found that the defendant did not have a good record title. But, the court having determined that the contract is invalid because procured through defendant's fraud, the effect on a valid contract of the inability of the vendor to furnish the title contracted to

be furnished could not have been determined by the court below, and it is not here involved.

The errors assigned in the admission of evidence, so far as urged in the printed brief, are based on the claimed insufficiency of other evidence to sustain certain of the findings of the trial court, and are disposed of by the holding that such findings are sustained by the evidence.

Affirmed.

JAGGARD, J., took no part.